J. L. HALL v. LEANDER TILLMAN et al.

*Claim and Delivery—Liability of Sureties on Defendant's Undertaking.*

1. The sureties to an undertaking, on behalf of the defendant, in claim and delivery are not liable for any *debt* which plaintiff may recover in the action.

2. Summary judgment may be rendered against the defendant's sureties on an undertaking to retain the property in an action of claim and delivery, but the judgment must be such as is authorized by *The Code*, § 326 (as amended by ch. 5, § 2, Laws 1885) and § 431.

3. The effect of the amendment to *The Code*, § 326, by ch. 50, § 2, Laws 1885, is to make the condition of the bond therein provided for harmonious with the judgment authorized by the law regulating proceedings in claim and delivery.

This is an APPEAL by the defendant from a judgment of *Gilmer, J.*, rendered at February Term, 1888, of the Superior Court of CHATHAM County.

The plaintiff alleged that he was the owner of an engine and saw-mill described in the complaint, which were in the possession of the defendants, Tillman and Barber, and wrongfully detained by them.

The said engine and saw-mill were taken under proceedings in *claim and delivery*, and returned to the defendants, who gave the required *undertaking*, with the defendants O. A. Palmer, J. R. Jones and A. P. Gilbert as sureties, as set out in the record.

The action was commenced in November, 1884. At May Term, 1886, there was a trial and verdict of a jury upon issues submitted, and "by consent, the verdict of the jury (was) set aside and new trial ordered."

At Fall Term, 1886, the action was tried and the following issues were submitted to a jury:

1. Is the plaintiff the owner of the saw-mill and engine described in the pleadings?

2. Is the plaintiff entitled to the immediate possession of said saw-mill and engine?

3. What was the value of the said saw-mill and engine at the time of the contract of defendants?

4. What sum was paid on the contract price?

5. What is the value of the saw-mill and engine now?

6. What damage, if any, has the plaintiff· sustained by reason of the detention of said saw-mill and engine?

The jury responded to the first and second issues, "Yes." There was no response to the other issues, and the following judgment was rendered:

"This cause coming on to be heard before me and a jury, upon the pleadings, proofs and arguments, and the jury having found the first and second issues in favor of the plaintiff: Now, on motion of John Manning and T. B. Womack, attorneys for the plaintiff, it is ordered and adjudged that the plaintiff recover of the defendants the sum of six hundred and sixty-six dollars and sixty-three cents, with interest on five hundred and eighty-seven dollars and eight cents from the first day of the term until paid, together with the costs of this action, to be taxed by the Clerk. It is further adjudged, that if the said sum of six hundred and sixty-six dollars and sixty-three cents, and interest, be not paid on or before the first day of December next, then, and in that event, A. P. Gilbert and T. B. Womack are appointed commissioners to sell the saw-mill and engine described in the pleadings at public auction for cash, first advertising the same according to law, and apply the proceeds to the extinguishment of this judgment, interest and costs, and pay the surplus, if any, to the defendants.

"That this cause be held for further direction, and trial of the remaining issues."

After the record of the verdict, the following entry appears:

" Judgment. Appeal. Bond fixed at $40." But no appeal was perfected.

At February Term, 1887, the commissioners made the following report:

" A. P. Gilbert and T. B. Womack, commissioners under judgment of Fall Term, 1886, in this cause, respectfully report that, after due advertisement, they, on the 12th day of February, 1887, sold at public auction, for cash, the saw-mill and engine described in the pleadings, when and where Joseph Malone became the last and highest bidder in the sum of two hundred and fifty dollars, and has complied with the terms of the sale; that they have applied said sum of two hundred and fifty dollars as a credit on said judgment."

Upon which the following judgment was rendered at the same term:

" This cause coming on to be heard upon the report of A. P. Gilbert and T. B. Womack, commissioners, herein filed, no one objecting: Now, on motion of John Manning and T. B. Womack, attorneys for plaintiff, it is adjudged that the said report is ratified and confirmed, and this cause is continued for the plaintiff."

The case on appeal states that at February Term, 1888, the plaintiff, through his counsel, announced that the only action he proposed to take in the case was to move for judgment against the sureties upon the undertaking of the defendants for the residue of the plaintiff's debt, after the application to said debt of the proceeds arising from the sale of the property in controversy.

This motion was accordingly made, and resisted by the defendants upon the ground that the judgment theretofore rendered at Fall Term, 1886, of the Superior Court of said county of Chatham, in the above entitled cause, was irregular, void, and not supported or justified by the record and papers in the case, and that the said sureties were not liable for the amount of said judgment, or any part thereof.

The motion of the plaintiff was granted, and judgment rendered accordingly. The defendants excepted.

The defendants then moved to set aside the said judgment theretofore rendered at Fall Term, 1886, as aforesaid, upon the ground that the said judgment was irregular and contrary to the course and practice of the Court. From which said judgment and rulings the defendants appealed to the Supreme Court.

The following is the judgment:

" This cause coming on to be heard before me upon the motion of the plaintiff for summary judgment upon the replevy bond of the defendants herein filed, after argument by counsel representing both plaintiff and defendants, it is ordered and adjudged that the plaintiff do recover of O. A. Palmer, J. R. Jones and A. P. Gilbert, sureties upon the defendants' undertaking, the sum of sixteen hundred dollars, to be discharged upon the payment of the sum of four hundred and forty-eight dollars and fifty-nine cents ($448.59), with interest from the first day of this term, and the costs of action, to be taxed by the Clerk."

*Messrs. T. B. Womack* and *John Manning,* for the plaintiff. *Mr. A. R. Gilbert,* for the defendants.

DAVIS, J. (after stating the case). Section 326 of *The Code,* as amended by ch. 50, sec. 2, of the Acts of 1885, provides for the return of property taken under proceedings in claim and delivery, upon giving an undertaking by the defendant, payable to the plaintiff, executed by one or more sufficient sureties, &c., for the delivery thereof to the plaintiff, with damages for its deterioration and its detention, if delivery can be had, and if such delivery cannot for any cause be had, for the payment to him of such sum as may be recovered against the defendant for the value of the property, at the time of the wrongful taking, or detention,

with interest thereon, as damages for such taking and detention.

Section 431 of *The Code* provides: "In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or for the value thereof in case a delivery cannot be had, and the damages for the detention."

This action is brought to recover the possession of an engine and saw-mill. The defendants admit that they are in possession of the engine and saw-mill, and deny the other allegations of the plaintiff. Nowhere in the record does it appear that the plaintiff had, or is seeking to recover any debt against the defendants, and if there was such a claim it would not be covered by the undertaking of the sureties of the defendants.

The only issues passed upon are the first and second, and the only facts found by the jury are that the plaintiff is the owner of the saw-mill and engine, and that he is entitled to the immediate possession. No other issues were passed upon. It nowhere appears by the finding of the jury, or in any other way, that the plaintiff has sustained any damage by the deterioration or detention of the property. Upon a careful inspection of the record, we can nowhere find any allegation, admission, or finding of any fact upon which the judgment rendered at Fall Term, 1886, could have been for anything but restitution, and if there were that judgment is not such as is contemplated by the statute to bind the sureties upon the defendants' undertaking.

Unquestionably, a plaintiff is entitled to summary judgment against the sureties in an "undertaking of defendant to retain property," where the judgment is " for the possession, or for the recovery of possession, or for the value thereof in case a delivery cannot be had, and the damages" for its detention. *Insurance Co.* v. *Davis,* 74 N. C., 78 ; *Harker* v. *Arendell, ibid,* 85, and cases cited. But the judgment must

be such as is authorized by law.   *The Code,* § 431 ;   *Council*
v. *Averett,* 90 N. C., 168; *Horton* v. *Horne,* 99 N. C., 219;
*Manix* v. *Howard,* 82 N. C., 125.

We are not inadvertent to the fact that this action was
commenced prior to the amendment by chapter 50, Acts of
1885, but that in no way affects the character of the judg-
ment, and the effect of the amendment is to make the con-
dition of the bond harmonious with the judgment author-
ized.

Our attention is called to the fact that the judgment, in
*Council* v. *Averett, supra,* was not in the alternative, as required
in claim and delivery, but was similar to this.   A glance at
the case will show the difference.   There, by agreement, the
alternative judgment was dispensed with, and by *consent,* a
judgment was entered for the value of the goods taken, and
the Court, after stating and recognizing the proper mode of
entering judgment, puts the decision upon the ground of
agreement and consent.

But the learned counsel for the plaintiff says that no objec-
tion was made to the judgment rendered at Fall Term, 1886.
In that judgment the cause was " held for further direction
and trial of the remaining issues."

No one of the remaining issues has been tried, and the
trial and finding upon at least one of them is necessary, to
determine the liabilities of the sureties on the defendants'
undertaking.

Error.                              *Venire de novo.*