J. L. HALL v. LEANDER TILLMAN et al.

*Claim and Delivery—Answer Alleging Sale and Purchase—
Measure of Damages when Property is Beyond Control of
Court—Liability of Sureties on Replevin Bond.*

1. In an action of claim and delivery, where it appears that the defendant was in possession under a contract of purchase, and the property had been placed beyond the control of the Court, the equities will be adjusted and judgment rendered against the defendant for the balance of the purchase-money, with interest from the date of purchase.

2. Where in such case the property is placed beyond the control of the Court by a sale under an order granted contrary to the course and practice of the Court, reported and confirmed without objection, and the proceeds paid to the plaintiff, and credited upon the irregular judgment, the defendant will be allowed credit upon the purchase money for the proceeds of the sale, as of the date of sale.

3. Summary judgment will be rendered in such case, against the sureties on the defendant's replevy bond for the penalty of the bond, to be discharged upon the payment of the judgment against the defendant, their bond having been given prior to the Act of 1885, chapter 50, and conditioned "that the plaintiff shall be paid such sum as for any reason may be rendered against the defendant."

4. In such case, evidence as to the value of the property at the commencement of the action, or the date of sale, was irrelevant and immaterial, and issues presenting such questions were properly refused.

This was a CIVIL ACTION begun by the issue of summons on the 19th day of November, 1884, in which the ancillary proceeding of claim and delivery was resorted to on the same day for the purpose of acquiring possession of a portable engine and saw-mill, last heard before *Bryan, J.,* at February Term, 1893, of CHATHAM Superior Court. The facts appear in the opinion.

*Messrs. T. B. Womack* and *J. B. Batchelor,* for plaintiff.
*Mr. A. P. Gilbert,* for defendants, (appellants).

HALL *v.* TILLMAN.

AVERY, J.: The plaintiff complained for the wrongful detention of and demanded judgment for the property (which was detained by defendant under replevy bond) if a return could be had, for $900 damages and costs, etc. The defendants answered that they had bought the property for $800; denied that it belonged to the plaintiff or had been damaged; pleaded a payment of $100, a set-off for $35, and a counter-claim for damage done by pulling down a house in removing the machinery.

At the Spring Term, 1886, a trial by jury was had, and the verdict was set aside by consent of parties. At the Fall Term, 1886, the issues were tried by a jury, and a verdict was rendered on only two of the six issues, as follows:

1. Is the plaintiff the owner of the saw-mill and engine described in the pleadings? Yes.

2. Is the plaintiff entitled to the immediate possession of said saw-mill and engine? Yes.

3. What was the value of said saw-mill and engine at the time of the contract of the defendants to buy?

4. What sum has been paid by defendants on the contract price?

5. What is the value of the saw-mill and engine now?

6. What damage, if any, has the plaintiff sustained by reason of the detention of said saw-mill and engine?

The actual value placed upon the property by the plaintiff's affidavit, upon which the first order of seizure was made, was eight hundred dollars, and the defendants on November 28, 1884, gave the usual bond in the sum of sixteen hundred dollars, conditioned for the safe return of the property, if such delivery should be adjudged, and for the payment to plaintiff of such sum as he might recover against the defendant. At the same term when the said partial verdict was rendered it was adjudged by the Court that the plaintiff recover of the defendant the sum of $666.63, with interest on $587.08 from the first day of the term till paid, together with costs of

action, etc., and that unless said sum should be paid before the first of December, 1886, then the commissioners therein named should sell the property on certain terms and apply the proceeds to the payment of the judgment and costs, and the residue, if any, to the defendants.

At the Spring Term, 1887, the commissioners reported that the property had been sold in pursuance of the order for $250, and the said sum had been applied to the payment of the judgment, and on motion the said report was confirmed.

At the February Term, 1888, it was, on motion for summary judgment on the defendant's replevy bond, adjudged by the Court that the plaintiff recover of the defendant and the sureties the sum of $1,600 (the penalty of the bond), to be discharged upon the payment of $448.59, with interest from the first day of the term, with costs, etc.

Judge Gilmer presided at this term.

Thereupon, at said February Term, 1888, before *Gilmer, J.,* the defendants moved to set aside as irregular and contrary to the course of the Court the judgment rendered at the Fall Term, 1886, by Connor, J., and from the refusal of the said motion, appealed to the Supreme Court.

It was held by this Court (103 N. C., 276, Justice DAVIS delivering the opinion), that it was not in accordance with the course of the Court to render any judgment upon the findings or response to two issues, which determined only the title and right of possession, except for restitution, and that the judgment for damages that was rendered not being authorized by *The Code,* § 326 (as amended by the Act of 1885, ch. 5) and § 431, the jury must find, preliminary to a final judgment, upon at least one of the issues not passed upon at the former trial. Accordingly, another trial was had, and the case was heard on appeal in this Court at February Term, 1892 (110 N. C., 220), when attention was called to the fact that the defendant had set up as a defence that he became possessed of the property under a contract of sale

for $800, and had made certain payments on the contract price. The Court held that where a defendant proved such an agreement to sell, and it also appeared that the property had been sold and was beyond the control of the Court, while ordinarily the value is assessed under the statute, as amended, " as of the time of the tortious taking or wrongful detention by the defendant," with interest from that time, in such a case the purchaser would be treated as though the original taking had been tortious instead of permissive, and the damage would be assessed as of that date. And it was declared in that case, at page 227, citing *Taylor* v. *Hodges*, 105 N. C., 349, that where the owner reserves title in himself in a contract for sale, or takes a reconveyance by way of mortgage, " though he has the right to demand possession on default in the payment of the price or breach of the conditions of the mortgage, the sureties upon a final adjustment of their liabilities, may justly demand that the jury shall find what was the price agreed upon between the parties for the property, and what sums had been actually paid." This was declared upon the principle announced in *Walsh* v. *Hall*, 66 N. C., 233, and substantially reaffirmed in *Wilson* v. *Hughes*, 94 N. C., 182, that the Court will look at the transaction that is being investigated before it, without regard to the form or manner of action. The history of the transaction in this case was fully developed before the Court. It was admitted on the trial that $800, the sum alleged in plaintiff's affidavit to be the value, and in the defendant's answer, to be the price agreed upon at the time of the sale, was in fact the contract price, and so, in response to the issue, was entered. The amount of the payments was found in response to another issue, and the balance still due after deducting the partial payments, was the answer to the third issue. This last sum was, therefore, the amount that still remained unpaid of the original purchase-money, with interest, allowing for the two partial payments, with

HALL *v.* TILLMAN.

interest on each, found by the jury to have been made, and
for the sum realized by the sale made by the commissioners
and paid to the plaintiff, with interest thereon. So that
upon the findings of the jury, judgment was rendered against
the defendant's sureties for $1,600, the penalty of the bond,
to be discharged upon the payment of the precise amount
of the original· purchase-money still remaining unpaid, with
costs. This was an equitable adjustment of the whole mat-
ter, and was in exact accord with the opinion in *Hall* v.
*Tillman*, 110 N. C., 226–227.

From the refusal of the Court, Judge Gilmer presiding, to
set aside the judgment first rendered by Judge Connor, the
appeal was taken, which was first heard in this Court, and
it appears (103 N. C., 281), that the Court declared there was
error, and sent the case down for trial upon additional issues,
only the plaintiff's title and right of possession having been
determined by the previous findings. The sale which had
been made under the same order and subsequently con-
firmed was left undisturbed, the property having passed to
a purchaser, and the proceeds having been paid to the plain-
tiff and credited on his judgment. It was this question that
was declared by this Court (110 N. C., 225) to have been
adjudicated. The property having been placed beyond the
control of the Court, or the reach of the parties, the question
of deterioration was no longer a living issue. The defend-
ant had contracted to pay $800, and set up the contract in
the answer. When he allowed the property to be sold and
the proceeds applied to his debt without objection, it was
equivalent, for the purposes of this appeal, to an agreement
that it should be so disposed of. If the Court was not in
error, as we hold, in requiring the jury to ascertain as a basis
of the judgment the contract price with interest, less pay-
ments, then the testimony offered, tending to show the value
of the property at the commencement of the action, was irrele-
vant and incompetent. For the same reason the offer to

HALL v. TILLMAN.

show the value at the October Term, 1886, when the property was ordered to be sold, or at the commencement of the action, was properly refused, and it was not error to decline to submit issues involving the question of value at these periods.

In view of the original contract set up in the answer, and the subsequent history of the transaction, this was a cause in which the Court could not properly have given any other construction than that the net damage due plaintiff was the contract price, less the payments made by the defendants and the proceeds of sale by order of the Courts, and under the statute the proper judgment was that given.

The material portion of the undertaking of the defendants was as follows: "Now, therefore, we, J. R. Jones, of Chatham County, and D. A. Palmer, of Chatham County, undertake in the sum of sixteen hundred dollars that if said property be returned to defendant, it shall be delivered to plaintiff if said delivery be adjudged, *and that the plaintiff shall be paid such sum as for any cause may be recovered against the defendant in this action.*" Accordingly, the plaintiff recovers the amount still due on the original contract price. Surely this recovery falls within the express letter of the undertaking. The decision of the case as to the sureties is founded upon the language of the undertaking, and it may be that under another undertaking, differently drawn, the liability of sureties would be limited to actual value. No such case is before us. No error, and the judgment is

Affirmed.


CLARK, J. (dissenting): As to the defendant, the proposition is unquestionable that the plaintiff can recover, as to him, the contract price less the payments made by the defendant, and the proceeds of sale made by order of the Court. But as to the sureties in claim and delivery, it is "not so nominated in the bond." They did not become liable for the debt, but for the return of the property or its value. As

on the plaintiff's objection they were debarred from showing the value of the property when the replevy bond was given, the sureties were clearly liable only for its proceeds when sold, and such proceeds having been applied on the debt they are no longer liable therefor. The condition of the bond " for the return of the property if it should be adjudged, and for the payment to plaintiff of such sum as he may for any cause recover against the defendant," means such sum as he may recover for any cause concerning the property replevied, as for failure to return the property, and for damage to or use of same, and not liability on the part of the sureties for any indebtedness of defendant to plaintiff over and above the value of the property ageeed to be returned if so adjudged, and the damages caused by the detention. This is in accord with the express decision of this Court (DAVIS, J.,) in this case when it was here, 103 N. C., 276. The rule as to the measure of the liability of sureties laid down when the case was again here, 110 N. C., 223, only applies when the property is worth or sells for more than the balance due on the contract price. I do not think the sureties on the replevy bond are bound for the deterioration of the property between the time of the contract and the date of the seizure under the claim and delivery and giving the bond thereunder.