CHAS. HACKLEY PIANO COMPANY v. C. E. KENNEDY AND WIFE.

(Filed 23 March, 1910.)

1. **Contracts—Express Warranty—Counterclaim—Breach—Vendor's Rights.**

   A party relying upon and setting up a written warranty of the quality in the sale of personal property and a counterclaim for damages for its breach, in an action by the seller for the purchase money, is bound by the terms of the warranty, and must comply with them in order to recover.

2. **Same.**

   In an action by the vendor to recover the purchase money of a piano sold under a sales contract containing a warranty of the piano, a counterclaim for damages set up by the vendee for a breach of the warranty cannot be sustained, when it appears that the vendor had repaired the piano, the vendee had examined it and declared it all right, and continuously thereafter asked the vendor's indulgence in ·making payments under the contract, without complaint of the piano, until after the term of the warranty had expired.

3. **Contract Sales—Monthly Rental—Mortgagor and Mortgagee—Foreclosure—Vendee's Rights—Procedure.**

   In an action upon a sales contract for a piano stipulating for the payment of a monthly rental, it appearing that the writing sued on was essentially a mortgage by its terms and provisions, the provision is void that the vendor retain the monthly payments made as rent, he being entitled only to proper interest on the purchase price. In this case a decree of foreclosure was directed to be entered, requiring the vendee to pay the debt, interest and cost of action, and upon his failure to do so, a sale of the piano was decreed for that purpose, the residue, if any, to be paid him.

APPEAL from *O. H. Allen, J.,* at November Term, 1909, of
LENOIR.

This action is brought to recover balance due on a contract for
the sale of a piano. The defendants pleaded a counterclaim
based upon an alleged breach of a contract of warranty, in
writing as follows: "This is to certify that pianoforte style 'S,'
mahog. No. 29997, is hereby warranted for the term of five
years from the date of its manufacture, and should the instru-
ment with proper care and use prove defective in material or
workmanship (the effects of extreme heat, cold or dampness
excepted), we agree to put the same in good repair at our manu-
factory, or replace it with another of the same style, reserving
to ourselves the right to elect which we will do."

These issues were submitted:

1. What amount is due the plaintiff upon the contract price?
Answer: $111.80.

2. What damage, if any, are the defendants entitled to re-
cover against the plaintiff? Answer: $150.

3. What was the rental value of the piano? Answer: $1.50
per month.

4. Is the plaintiff a corporation? Answer: Yes.

From judgment rendered, plaintiff appealed.

*G. V. Cowper* and *J. P. Frizzelle* for plaintiffs.
*T. C. Wooten* and *Aycock & Winston* for defendants.

BROWN, J. Although there are twenty-three exceptions in
the record, all relating to the second issue, it is apparent from
the briefs that there is only one contention presented in the
record which we need consider.

The ground upon which plaintiff relies to defeat the defend-
ant's counterclaim is, that under the terms of the warranty, be-
fore they can successfully claim damages for any breach thereof
and as a condition precedent, it must appear that defendants
have given the plaintiff notice of the alleged breach of warranty
and defect in the instrument, and that the plaintiff has had a
reasonable opportunity to comply with the terms of the war-
ranty. It is contended that in such respect the defendants have
failed to perform the stipulations of the contract upon their
part. We have recognized the principle that there can be no
implied warranty of quality in the sale of personal property
where there is an express warranty, and that where a party sets
up and relies upon a written warranty he is bound by its terms
and must comply with them. 30 Am. and Eng., p. 199; *Main
v. Griffin,* 141 N. C., 43. We recognize the further principle,
applied by us in that case, that a failure by the purchaser to

comply with the conditions of the warranty is fatal to a recovery for breach of the warranty in an action on it, or where, as in this case, damages for the breach are pleaded as a counterclaim in an action by the seller for the purchase money.

There is evidence tending to prove that the piano was sold and delivered to defendants under a sales contract dated 22 May, 1903, for $335; that defendants made monthly payments thereon up to 8 February, 1907, and that there is due the sum of $111.80. It is further in evidence that the defendants kept the piano and used it continuously for four years without notifying plaintiffs of any defects in it. It is insisted that such neglect constitutes a waiver upon the part of defendants of any rights under the warranty.

It has been said, as contended by defendants, that when one purchases goods under a warranty, they need not be returned to the warrantor as soon as the defect is found, unless the contract expressly stipulates to that effect. Biddle's Warranty, sec. 310. But, however this may be, it is immaterial now, for it is admitted in this case that complaint was made in 1907, and that on 25 March of that year the plaintiffs directed defendants to ship the piano at its expense to its factory in Michigan, which was done on 20 June. The plaintiffs elected under the terms of the warranty to repair the instrument, instead of replacing it with another.

On 11 July, 1907, defendants inquired by letter about the piano, and plaintiffs replied: "We are doing a good deal more on the instrument than is necessary, in order to put it in thorough order. We will return it as quickly as possible."

The repaired piano was shipped to defendants on 8 November, 1907, and duly received. At this stage of the case we think the defendants' counterclaim completely breaks down. On 5 December, 1907, defendants acknowledged receipt of piano, pronounced it all right and promised to send check in payment by Christmas. On 17 December, 1907, defendants wrote plaintiffs: "Since writing you of the arrival of our piano we have had opportunity of testing, and, so far as we know, it seems to be in very satisfactory condition. I write to inquire of you if, since the piano has been so thoroughly repaired, you will not extend the guarantee to five years from present time; also, will you not allow for the time you have had it in making the payments, which was five months? If you will do this I will send the check promised at once."

In reply plaintiffs refused to extend the time of warranty, claiming to have fully complied with its terms, and again de-

manded payment. On 3 January, 1908, the defendants again wrote plaintiffs, asking indulgence and promising to pay.

The correspondence is set out in the record and embraces ten other letters than those mentioned, dated at different times from 3 January to 28 September, 1908. In none of these letters is any complaint made as to the condition of the piano, or any notice given to plaintiffs that the repairs were not satisfactory. In all of them the defendants acknowledged their obligation and ask for indulgence, pleading hard times and bad crops.

On 23 September, 1908, after the period of warranty had expired, the plaintiffs, in reply to repeated requests for indulgence and promises to pay, wrote defendants that they had received no payment for a year, and that as much as $25 must be paid, and, if so, further time would be allowed for remaining payments.

Even then defendants made no complaint about the piano, but wrote plaintiffs on 28 September, in reply, as follows: "In reply to yours of the 23d inst., I can only repeat, I am not able to pay anything at this time. You said you would turn claim over for collection if I failed to pay $25 by to-day. In fact, you have made such remarks in all your letters, and I have been begging, if you would call it begging, for further indulgence, and I am bound to say you have been indulgent and had hoped for further indulgence; but if you cannot grant it, and persist to collect by law, as I have said before, I will take care of myself the very best I can. I cannot afford to lose the amount I have paid."

The genuineness of these letters is admitted, and there is no evidence in the record which contradicts their assertions.

On the contrary, it appears from the oral testimony of defendants that not only was no complaint whatever made to plaintiffs after the piano was repaired and returned, but that after this controversy arose, when plaintiff voluntarily sent an expert to defendant's residence to examine the piano to see if anything was wrong with it and to repair it, defendants, upon advice of counsel, would not let him examine it, or even enter the defendants' residence.

It is too plain for argument that, upon the written correspondence as well as the other evidence in the case, in any view of it, the defendants accepted the piano when repaired and returned to them as a full compliance with the terms of the written warranty, which expired 23 May, 1908, and that after that date, and after examination and acceptance, they made repeated promises to pay the balance due on the debt.

We are of opinion that in no view of the evidence are defendants entitled to recover upon their counterclaim, and that the court below erred in ruling otherwise.

It is plain that this sales contract is essentially a mortgage, and that the relation of mortgagor and mortgagee is created by it. *Puffer v. Lucas,* 112 N. C., 379; *Hamilton v. Highlands,* 144 N. C., 280; *Hervey v. Locomotive Co.,* 93 U. S., 664.

It therefore follows that the plaintiff cannot recover a monthly rental for the piano, and that the provision in the contract providing that, in case of failure to pay in full for the instrument, all payments made may be retained by plaintiff for its use, is void. The plaintiff is of course entitled to interest, but not to rent.

The cause is remanded, with directions to enter judgment for the plaintiff upon finding on the first issue.

A decree of foreclosure will be entered requiring the defendant to pay the debt, interest and costs of action, and, if not paid, directing a sale of the piano to pay off the same, including all costs, and the residue, if any, to be paid to defendants. *Puffer v. Lucas, supra.*

The judgment of the Superior Court is
Reversed.