W. A. MITCHELL, SR., AND W. A. MITCHELL, JR., TRADING AS W. A. MITCHELL & SON, A PARTNERSHIP, v. McKINLEY BATTLE.

(Filed 2 November, 1949.)

**Chattel Mortgages and Conditional Sales § 22½ —**

A title retaining conditional sales contract for personalty is in effect a chattel mortgage, and when the property has been repossessed upon default and sold at public auction under the terms of the conditional sales contract, such repossession is not a rescission and does not return title to the vendor for his own use but solely for the purpose of sale, and therefore the vendor may recover the deficiency after applying the proceeds of the sale to the purchase price. G.S. 45-24.

DEFENDANT's appeal from *Stevens, J.,* November Term, 1948, LENOIR Superior Court.

The defendant bought from the plaintiffs a mule, executing a conditional sales contract in which title was retained by the vendor until the installment payments on the contract were fully made. The note for the balance of the purchase price was $495 with interest at 6% per annum. The mule was in the possession of the defendant from the date of sale, April 16, 1947, until April 27, 1948, without further payment. In default of payment of the installments due, the plaintiffs repossessed the mule and it was sold under the terms of the conditional sales contract at public auction on May 25, 1948, bringing the sum of $125, which

was applied on the debt, leaving a balance due of $432.32, with interest. Plaintiffs sued to recover the deficiency. They also claim expenses for the keep of the mule pending its sale and other costs of foreclosure covered by the complaint, in addition to this amount.

The defendant demurred to the complaint, contending that the plaintiffs had exercised and exhausted all rights and interests they retained or had in the conditional sales contract; and that the repossession of the mule terminated all relationship between seller and buyer and ended all cause of action against the defendant. The demurrer was overruled and the defendant appealed.

*P. H. Bell for defendant, appellant.*
*Allen & Parrott for plaintiffs, appellees.*

SEAWELL, J. Authority in this State is against the position taken by the defendant. *Hall v. Tillman,* 115 N.C. 500, 20 S.E. 726; *Observer Co. v. Little,* 175 N.C. 42, 94 S.E. 526; *House v. Parker,* 181 N.C. 40, 106 S.E. 137.

Conditional sales contracts in which title is retained as security for the debt are treated here as chattel mortgages in this respect and statutes relating to chattel mortgage foreclosures and incidents have more than an analogical force. In *S. v. Stinnett,* 203 N.C. 829, 832, 167 S.E. 61, *Justice Brogden* says for the Court: "Moreover, it has been definitely determined that a title retaining contract of the type disclosed by the present record is in effect a chattel mortgage," citing *Harris v. R. R.,* 190 N.C. 480, 130 S.E. 319; to which we add *Charles Hackley Piano Co. v. Kennedy,* 152 N.C. 196, 67 S.E. 488. See Mordecai's Lectures, pp. 566, 567; Williston on Contracts, sec. 734 *et seq.;* Vold, Sales, pp. 289, 291.

It may be inferred from G.S. 45-24 that repossession of the title-retained property is not to be referred to the principle of rescission, but to the power of sale given by the statute, and the necessity of repossession in aid of the public sale and delivery of the chattel to the purchaser. The property does not return to the vendor in virtue of his right to its use as owner, nor is it repossessed by him for that purpose. Chapter 856, Session Laws of 1949, which is not applicable here, may well be considered to be declarative of a principle already obtaining. (27 N.C.L.R. 49.)

Conclusive on the point is *Hall v. Tillman, supra,* which we do not find modified in subsequently reported cases. In this case note the explicit statement by *Justice Avery,* speaking for the Court, at p. 504.

The judgment overruling the demurrer is affirmed.

Affirmed.