May Term,
1860.

McTAGGART
v.
ROSE.

McTAGGART and Another v. ROSE.

In a suit to recover possession of personal property, an answer that defendant was and now is entitled to possession of the property, is bad, unless it set out the grounds of the right asserted.

Personal property may be conveyed even without a writing, if possession accompany the conveyance.

The fact that the owner is indebted, or even insolvent, at the time of the conveyance, will not of itself invalidate the title, if no liens have attached.

So where possession was taken under a chattel mortgage.

A chattel mortgage is good as between the parties, though not recorded within ten days from its execution.

Friday,
June 1.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—Suit by *McTaggart* and *Clark* against *Rose*, to recover possession of personal property, and damages.

The defendant answered in three paragraphs—

1. By general denial.

2. Property in *Gulick* and *Tweed*.

3. As follows: "That at the time of the commencement of this suit, he, the defendant, was, and now is, entitled to the possession of all the personal property named in the complaint."

Reply in general denial.

Submission of the issues to the Court for trial. Judgment for the defendant.

The third paragraph of the answer was bad, in not setting out the grounds of the right to possession therein asserted. And we shall not inquire whether its defects were such as could be waived by pleading over to the merits without objection, as the final result in the cause would not be varied by any conclusion upon the inquiry.

These are the facts of the case:

On the 21st day of *August*, 1858, *Gulick* and *Tweed*, then the owners of the property in question, mortgaged it to *Woolf* and others, their indorsers, giving authority to them, in the mortgage, to take the property absolutely, and sell it for their indemnity, so soon as they should be called on to pay obligations on which they had become indorsers.

The mortgage was duly acknowledged. It was recorded on the 14th of *October*, 1858.

In *January*, 1859, the mortgagees were compelled to pay notes indorsed by them, the mortgage became absolute, and the mortgagees took possession of the property, and sold it to *McTaggart* and *Clark*, the plaintiffs.

On the 3d of *March*, 1859, judgments were rendered, before the mayor of *Indianapolis*, against *Gulick* and *Tweed;* and, on the fifth of that month, executions upon the judgments were placed in the hands of Marshal *Rose*, by virtue of which he seized the property, and acquired the title on which his claim to hold it is founded.

The question arising, therefore, upon which the case meritoriously must turn, is, had *Woolf*, and the other mortgagees, title whereby they were able, at the time of the sale to *McTaggart* and *Clark*, to make a valid conveyance of the property to them?

Title to personal property may be conveyed without a writing if possession accompany the conveyance. And the fact that the person is indebted at the time of the conveyance—is insolvent, even—if no liens have attached, will not, of itself, vitiate the title to the property he conveys. *Frank* v. *Peters*, 9 Ind. R. 343. If there had been no mortgage in the case, then, it would have been competent for *Gulick* and *Tweed*, in *January* or *February*, when their indorsers had been compelled to pay money for them, to deliver to them property in security for, or satisfaction of, the indebtedness thus accrued, no lien then existing upon the property.

But the mortgage, though not recorded in ten days from its execution, was valid as between the parties. Of this there can be no doubt. 1 R. S. p. 301, § 10. It, then, actually conveyed the title of the property to the mortgagees as against all persons but creditors of the mortgagors. But there is no evidence that they had any creditors, except the mortgagees themselves, in *January* or *February*. The title, then, at that time, when they sold the property to *McTaggart* and *Clark*, was good, so far as appears, under the mortgage, as against all the world. Nor, as we

have seen above, does the simple fact of the existence of creditors, if they have acquired no lien upon the property, disable the owner to make a *bona fide* conveyance of it. See Walk. Am. Law, 3d ed., 369.

It must follow, as a necessary consequence, from the fact that the mortgagors had a valid title at the time of the conveyance, that the purchasers took a good title as against all the world but creditors who had liens upon it at the time of sale. See, on this point, the numerous cases collected in 6 Am. Law Reg., p. 525. Counsel have also cited many cases in their briefs (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. Wallace, B. Harrison,* and *N. B. Taylor,* for the appellants.

(1) The cases referred to are: *Kendall* v. *Sampson,* 12 Verm. R. 518; *Wilson* v. *Hooper, id.* 655; *Gill* v. *Griffith,* 2 Md. Ch. R. 270; *Boyle* v. *Rankin,* 22 Penn. St. R. 171; *Brown* v. *Webb,* 20 Ohio R. 389; *Swift* v. *Hart,* 12 Barb. 530; *Hudson* v. *Warner,* 2 Har. and Gill, 415; *Snyder* v. *Gee,* 4 Leigh, 535; *Lewis* v. *Adams,* 6 *id.* 320.