COMMERCIAL INVESTMENT TRUST v. ALBEMARLE MOTOR COMPANY, STANLY BANK AND TRUST COMPANY, AND A. P. HARRIS, TRUSTEE.

(Filed 4 May, 1927.)

**1. Sales—Conditional Sales—Chattel Mortgages—Registration—Liens—Mortgages.**

Where the vendor retains title upon a chattel sold and delivered for the payment of the balance of the purchase price to be divested, and the property to become that of the purchaser upon his payment thereof at a time specified, it is a sale upon condition in the nature of a chattel mortgage requiring registration in respect to its priority of lien over chattel mortgages subsequently given to others upon the same property and registered in the proper county. C. S., 3312.

**2. Same—Bills and Notes—Drafts—Order, Notify.**

Where a seller of automobiles under a contract retaining title until the balance of the purchase price shall have been paid, ships the goods to its own order, notify the consignee and attaches it to a draft on the purchaser for the initial payment, a bank lending the required amount to make this payment secured by a chattel mortgage duly registered on the

machines with which the draft was paid and delivery made by the carrier to the consignee, upon presentation of the bill of lading, has priority of lien over that of the seller under his unregistered contract of sale.

Appeal by plaintiff from *Stack, J.,* at February Term, 1927, of Stanly. No error.

The plaintiff brought suit to recover two Jewett motor cars, alleged to have been held in trust for the plaintiff by the Albemarle Motor Company, and caused said cars to be seized under proceedings in claim and delivery. The defendants denied the plaintiff's allegations, and pleaded a counterclaim, to which the plaintiff replied. At the trial one issue was submitted to the jury and answered: "What was the value of the two automobiles at the time they were seized by claim and delivery proceedings and sold by the plaintiffs? Answer: '$2,575.'"

After the verdict was returned the parties agreed that the judge might find the remaining facts and render judgment.

The cars were consigned to the shipper with direction to notify the Albemarle Motor Company. At the same time a draft was drawn on this company, with bill of lading attached, for 20 per cent of the net invoice price and acceptances to be signed by the defendant company for the remaining 80 per cent. The Albemarle Motor Company borrowed the 20 per cent from the Stanly Bank and Trust Company and executed its chattel mortgage on the cars to the defendant Harris, as trustee, to secure the debt. This mortgage was duly registered and the 20 per cent was paid and the acceptances were turned over to the plaintiff. Twenty per cent of the invoice price and the charge for freight amounted to $714.42. The material part of the judgment is as follows: "The twenty per cent and freight having been advanced by the Stanly Bank and Trust Company for Cotton and Smith upon a chattel mortgage by said Cotton and Smith for the amount which was duly recorded, and the paper-writing in evidence by the plaintiff the court holds to be nothing more than a retention of title contract that should have been recorded as against the defendant bank, but which was not recorded until after the mortgage given by Cotton and Smith to the said bank had been registered, the court is of the opinion, upon these facts and the evidence in the case, that the plaintiffs, as against Cotton and Smith, are the owners of the two automobiles seized, but subject to the rights of the defendant bank for the twenty per cent of the purchase price and freight furnished by them to Cotton and Smith, and, therefore, upon motion, the defendant bank will recover of the plaintiffs and the sureties on their undertaking the penal sum of $3,359.36, to be discharged upon payment to the defendant bank the sum of $714.42, with interest thereon from 1 October, 1923, until paid, and the cost of this action, to be taxed by the clerk."

The plaintiffs excepted and appealed.

*Bogle, Bogle & Morton for appellants.*
*W. L. Mann and R. L. Smith & Son for appellees.*

ADAMS, J.   The registration of the chattel mortgage antedates that of the contract between the plaintiff and the Albemarle Motor Company; if, therefore, the contract is a conditional sale of the cars, the chattel mortgage has priority, and the debt due the bank should be paid.   C. S., 3312; *Observer Co. v. Little,* 175 N. C., 42.   What, then, is the legal effect of the contract?

If personal property is delivered by one person to another under the terms of a contract whereby the latter is to acquire the retained title to the property upon the performance of a condition, such as the payment of the purchase price at a certain time, or in a designated manner, or by giving his note for the price, the transaction is a conditional sale. *Whitlock v. Lumber Co.,* 145 N. C., 120; *Wilcox v. Cherry,* 123 N. C., 79; *Barrington v. Skinner,* 117 N. C., 47; *Frick v. Hilliard,* 95 N. C., 117; *Vasser v. Buxton,* 86 N. C., 335; *Clayton v. Hester,* 80 N. C., 275; *Parris v. Roberts,* 34 N. C., 268; *Ellison v. Jones,* 26 N. C., 48.   If treated as a bailment, a conditional sale is a bailment with the right in the bailee to become the owner of the property upon performance of the condition.   The contract, when subjected to the test of these decisions, is a sale with title retained—a conditional sale; it refers to the cars as "purchased" by the motor company; to the payment of 20 per cent of the price; to acceptances given by the company, and to the intention of the parties to preserve the seller's title until the acceptances and any other indebtedness due by the company were fully paid.   This is much more than a bare contract of agency.   There is

No error.