GENERAL MOTORS ACCEPTANCE CORPORATION v. D. F. MAYBERRY, RECEIVER; TURNER MOTOR COMPANY, INC., AND THE FIRST NATIONAL BANK.

(Filed 25 April, 1928.)

**1. Receivers—Title to and Possession of Property—Conditional Sales—Registration—Vendor and Purchaser—Sales.**

A receiver represents creditors of an insolvent corporation, and while a conditional sale to the corporation does not require registration as between the parties, after the receivership its validity as to the rights of creditors depends upon its registration in conformity with C. S., 3311, 3312.

**2. Sales—Conditional Sales—Contracts Construed as Conditional Sales.**

Where the vendor of personalty ships to itself as consignee, order notify the purchaser, and the latter has received money from another with which to pay the draft and obtain the goods from the common carrier, under an

agreement that the title to the goods shall vest in such third person until the goods are paid for, the effect of the contract is a conditional sale, falling within the meaning of C. S., 3311, 3312.

**3. Same—Construction—Question of Law.**

Whether or not a written contract between the purchaser and vendor is a conditional sale is a matter of legal construction of the contract.

**4. Sales—Conditional Sales—Title to and Possession .of Property—Proceeds from Sale of Property Held Under Conditional Sale.**

Where the purchasing dealer corporation to be notified in shipment of certain automobiles with draft attached has obtained money from a credit corporation with which to pay the draft and obtain the goods, and has taken the automobiles into its possession under a written agreement for the lender of the money to retain title until the sale of the automobiles, and having sold some of them it has obtained a cashier's check payable to the lender's order, which with the unsold automobiles goes into the hands of its receiver, later appointed: *Held*, while the title to the automobiles is not good as against creditors without registration, the moneys realized from the payment of the cashier's check is that of the lending credit corporation, unaffected by the creditor's claims on the drafts of the insolvent corporation in the receiver's hands.

**5. Receivers—Title to and Possession of Property—Proceeds from Sale of Property Held Under Conditional Sale.**

Where a corporation purchasing goods under a contract reserving title in the vendor, has sold some of them, and has obtained cashier's checks for the proceeds, payable to the order of the owner of the title, and afterwards becomes insolvent and is put in a receiver's hands, the receiver in possession of the checks acquires no better title than his insolvent corporation, and the proceeds are the property of the owner of the title.

APPEAL by both plaintiff and defendants from *Stack, J.,* at November Term, 1927, of ROCKINGHAM. No error.

Action to recover two automobiles and two cashier's checks, all of which were in the possession of defendant, D. F. Mayberry, receiver, at the date of the commencement of this action.

Prior to the appointment of the said D. F. Mayberry as receiver of the Turner Motor Company, the said automobiles were in the possession of said company. They had been delivered to said company by the plaintiff, under and pursuant to the terms of a contract between the plaintiff and said company.

The cashier's checks were issued, at the request of the Turner Motor Company, prior to the receivership, by the First National Bank of Reidsville, N. C., and are payable to the order of the plaintiff. They were paid for by the Turner Motor Company, with money which it had received from sales of automobiles in its possession by virtue of a contract with plaintiff, and were delivered by the bank to said company. These checks have never been in the possession of plaintiff, nor have

they been endorsed by plaintiff. They were in the possession of the Turner Motor Company from the date of their issue until they came into the possession of D. F. Mayberry, receiver.

Upon his appointment and qualification as receiver, the defendant, D. F. Mayberry, took said automobiles and said cashier's checks, which were then in the possession of the Turner Motor Company, into his possession as assets of said company. Since the commencement of this action, the defendant bank has redeemed the cashier's checks, issued by it, and payable to the order of plaintiff, by paying the amount thereof to the said receiver, who now holds the money received for said cashier's checks as assets of the Turner Motor Company. Both the automobiles and the cashier's checks were taken from the possession of the defendant, D. F. Mayberry, receiver, under a writ of claim and delivery issued in this action, but were subsequently returned to him, upon his executing and filing an undertaking as provided by statute.

The issues submitted to the jury were answered as follows:

1. Is the plaintiff the owner and entitled to the possession of the two automobiles described in the complaint? Answer: No.

2. What was the value of said automobiles at the time of the receivership? Answer: $1,540 (by consent).

3. Is the plaintiff the owner and entitled to the possession of the two cashier's checks described in the complaint, or of the proceeds thereof? Answer: Yes.

From judgment on the verdict, both plaintiff and defendants appealed to the Supreme Court.

*Shuping & Hampton, King, Sapp & King for plaintiff.*
*W. R. McCargo, F. E. Hester and Glidewell, Dunn & Gwynn for defendants.*

CONNOR, J. The evidence pertinent to the first issue, involving title to the two automobiles described in the complaint, tends to show the facts to be as follows:

On 10 May, 1926, the Olds Motor Works, a corporation, executed a bill of sale, by which for a valuable consideration, it sold and delivered to plaintiff, General Motors Acceptance Corporation, four automobiles, each of which is described therein. The invoice price of said four automobiles, as stated in the bill of sale, is $3,197.71.

The four automobiles described in the bill of sale, were shipped, at the request of the plaintiff, by the Olds Motor Works to the Turner Motor Company, a corporation, organized under the laws of the State of North Carolina, and doing business as a dealer in automobiles at Reidsville, N. C. The bill of lading under which the automobiles were shipped

was issued to the Olds Motor Works, as shipper; the Olds Motor Works was also named therein as the consignee, at Reidsville, N. C.; the bill of lading was, however, endorsed, "Notify the Turner Motor Company." The automobiles were delivered to the Turner Motor Company, at Reidsville, N. C., by the railroad company upon the surrender to it of the bill of lading by the Turner Motor Company.

Before the delivery of the said automobiles to it by the railroad company, the Turner Motor Company, at Reidsville, N. C., on 18 May, 1926, executed its promissory note, payable to the order of plaintiff, three months after date, for the sum of $2,872. This note, together with a sum in cash, was delivered by the Turner Motor Company to plaintiff, at the time the bill of lading for the automobiles was received by the said company. The evidence does not show the amount of cash delivered by the Turner Motor Company to plaintiff—whether, if added to the amount of the note, the sum will equal or exceed the invoice price of the automobiles as stated in the bill of sale, executed by the Olds Motor Works to plaintiff. It does show that a sum of money was deposited by the Turner Motor Company with plaintiff in connection with the transaction, and that it was agreed at the time of such deposit that said sum of money might be applied for reimbursement for any expense incurred by plaintiff, in the event of a breach of the contract by the Turner Motor Company.

Contemporaneously with the execution of its note payable to the order of plaintiff, the Turner Motor Company executed and delivered to the plaintiff a paper-writing, called a "Trust Receipt." It thereby acknowledged the receipt by it from the General Motors Acceptance Corporation of the four automobiles described in the bill of sale executed by the Olds Motor Works to said corporation. The terms upon which the said automobiles were received by the Turner Motor Company, as set out in said trust receipt, are as follows:

"I (we) hereby acknowledge that said motor vehicles are the property of the said General Motors Acceptance Corporation, and each agree to take and hold the same, at my (our) sole risk as to all loss or injury, for the purpose of storing said property; and I (we) hereby agree to keep said motor vehicles brand new, and not to operate them for demonstration or otherwise, except as may be necessary to drive said motor vehicles from freight depot or from above city to my (our) place of business with all due care, at my (our) risk en route against all loss or damage to said motor vehicles, persons or property, and to return said motor vehicles to said General Motors Acceptance Corporation or its order upon demand; and to pay and discharge all taxes, incumbrances and claims relative thereto, I (we) hereby agree not to sell, loan, deliver, pledge, mortgage or otherwise dispose of said motor vehicles to any

other person, until after payment of amount shown in release orders or like identification number herewith. I (we) further agree that the deposit made by me (us), in connection with this transaction, may be applied for reimbursement for any expense incurred by General Motors Acceptance Corporation in the event of breach of this trust, or repossession of said motor vehicles."

On each of the three paper-writings offered in evidence, to wit: the bill of sale executed by the Olds Motor Works to plaintiff, the note executed by Turner Motor Company to plaintiff, and the trust receipt executed by Turner Motor Company to plaintiff, the following words appear: "Identification No. 220228F. Always quote this number when reporting." Neither of said paper-writings was registered in Rockingham County, or elsewhere. Two of the automobiles described in the bill of sale and in the trust receipt were sold by the Turner Motor Company prior to the appointment of D. F. Mayberry as its receiver; the other two were in the possession of the said receiver, when this action was begun, and are the identical automobiles described in the complaint.

With respect to the first issue, the court charged the jury that if they believed the evidence pertinent thereto, and found therefrom the facts to be as the said evidence tended to show, they would answer said issue, "No."

Plaintiff excepted to this instruction, and assigns same as error. The question presented for decision by this assignment of error is whether the trust receipt, construed in connection with the bill of sale and the note offered in evidence, is such an instrument as is required by C. S.,- 3311 or C. S., 3312, to be registered in order to be valid as against creditors of, or purchasers, for a valuable consideration, from the Turner Motor Company. It may be conceded that as between plaintiff and the Turner Motor Company, plaintiff, upon all the evidence, is the owner, at least, of the legal title to said automobiles, and as such owner is entitled to the possession of the same; it does not follow, however, that, upon all the facts shown by the evidence in this case, plaintiff is the owner of said automobiles as against the defendant, D. F. Mayberry, receiver of the Turner Motor Company, an insolvent corporation. As such receiver, said defendant not only takes such title to all the property of said company, which passed into his hands as assets of the company, as said company had at the date of his appointment; he also represents creditors of said company. No title to property which has passed into his hands as receiver, not valid as to such creditors, is good as against him. Such property cannot be recovered from said defendant, by one who claims under a title thereto which is invalid as to creditors of, or as to purchasers, for a valuable consideration, from the Turner Motor Company. *Observer Co. v. Little,* 175 N. C., 42.

Therefore, if the title under which plaintiff claims the two automobiles described in the complaint is, upon all the facts shown by the evidence, invalid as against creditors of the Turner Motor Company, plaintiff is not entitled to recover said automobiles from defendant, D. F. Mayberry, receiver, and its assignment of error, based upon its exception to the instruction of the court to the jury, with respect to the first issue, cannot be sustained.

In order to determine the nature of the trust receipt, offered in evidence in this case, and the relation of the parties thereto, with respect to each other, and with respect to the automobiles described therein, as established by the contract between them, the trust receipt must be construed in connection with the bill of sale and also in connection with the note executed by the Turner Motor Company. All three papers manifestly relate to one and the same transaction. They must, therefore, be construed together in order to determine what the transaction was. *Sneeden v. Nurnberger's Market,* 192 N. C., 439. Each of these papers bears the same identification number; each was executed in contemplation of the execution of the others. Under the bill of sale executed by Olds Motor Works, plaintiff became the owner of the four automobiles; as such owner, it caused the said automobiles to be shipped and delivered to the Turner Motor Company, first taking from said company its note, payable to the order of plaintiff, for the sum of $2,872, and at the same time requiring said company to execute the trust receipt. The automobiles were delivered by plaintiff to the Turner Motor Company under the terms of a contract, whereby the Turner Motor Company, upon payment of its note to plaintiff, should acquire the title to said automobiles retained by plaintiff until such payment was made. Notwithstanding the form of the contract, or the language used by the parties thereto in the trust receipt, stating its terms, certainly insofar as it affects creditors of either party, the transaction is a conditional sale. *Trust Co. v. Motor Co.,* 193 N. C., 663. The purpose and effect of the trust receipt was to secure the payment of the note to plaintiff; this is done by the retention of title to the automobiles in the plaintiff, as vendor, until the Turner Motor Company, as vendee, shall have paid its note to plaintiff.

This Court has repeatedly said that in order to determine the nature of a contract, and the relation of the parties thereto, with respect to each other, and with respect to the subject-matter of the contract, it looks to the real intention of the parties and construes their contract accordingly, without much, if any, regard to the name by which it is designated or to the particular language employed. It follows from an application of this principle that the "courts, in determining whether or not a contract is one of bailment, or one of sale with an attempt to

retain a lien for the price, in effect a mortgage, do not consider what description the parties have given to it, but what is its essential character." *Hamilton v. Highlands,* 144 N. C., 279. Where the interests of creditors or purchasers for value are involved in the construction of a contract affecting title to property, this just and equitable principle has been steadily adhered to by this Court. But for this, the statutes requiring the registration of chattel mortgages and conditional sales, for the protection of creditors and purchasers for value, would have been successfully disregarded, and the wise policy upon which these statutes are founded would have been in a large degree defeated.

C. S., 3312, which provides that "all conditional sales of personal property in which the title is retained by the bargainor shall be reduced to writing, and registered in the same manner, for the same fees, and with the same legal effect as is provided for chattel mortgages, in the county where the purchaser resides, or in case the purchaser shall reside out of the State, then in the county where the personal estate, or some part thereof is situated, or in case of choses in action, where the donee, bargainee, or mortgagee resides," is applicable to the transaction between plaintiff and the Turner Motor Company with respect to the automobiles described in the complaint. This transaction resulted in a conditional sale by plaintiff to said company of said automobiles; although reduced to writing, it was not registered as required by statute in this State. It was therefore invalid, insofar as it undertook to retain title in the plaintiff to the automobiles, as against creditors of the Turner Motor Company. C. S., 3311. There was no error in the instruction of the court to the jury with respect to the first issue. Plaintiff's assignment of error based upon its exception to this instruction is not sustained.

In the brief filed in this Court in support of plaintiff's contentions upon the question presented for decision by its first assignment of error, many cases decided in other jurisdictions are cited. These cases may be found in the note in 49 A. L. R., 282, where they are discussed by the annotator. In some of them, the decision of the question presented supports the contention of plaintiff; in others, the decision is in accord with our decision in this case. We have followed the decisions of this Court, heretofore made, in cases involving our registration statutes; they are authoritative. This Court has construed these statutes liberally in furtherance of the oft-declared policy of this State. We are unable to discover sufficient grounds for the distinction, which plaintiff insists should be made, between a trust receipt, and a lease-contract, such as has often been under consideration by this Court. The principles upon which this Court has held these lease-contracts conditional sales of personal property are applicable to trust receipts, such as the one under which

plaintiff claims title in this case. They have been frequently discussed and applied in opinions filed by this Court, and published in our reports.

The evidence pertinent to the third issue involving title to the two cashier's checks described in the complaint, tends to show the facts to be as follows:

After the execution of the trust receipt and note by the Turner Motor Company to plaintiff, and the delivery to said company of the four automobiles described in the trust receipt, and prior to the appointment of a receiver for said company, the Turner Motor Company sold two of said automobiles, and collected from the purchasers the purchase money therefor. Thereafter, the Turner Motor Company purchased from the First National Bank of Reidsville, N. C., two cashier's checks, one for $777, and the other for $680, both payable to the order of plaintiff, General Motors Acceptance Corporation. The Turner Motor Company paid for these cashier's checks with money which it had received for two automobiles sold by it. It does not appear clearly from the evidence whether these two automobiles are included in the trust receipt, bearing the identification No. 220228F, or whether they were included in another trust receipt, of the same form, executed by the Turner Motor Company to the plaintiff. All the evidence shows, however, that the money with which the Turner Motor Company paid for the two cashier's checks was received by it from the sale of two automobiles which had been delivered to it by plaintiff, in accordance with the terms of a trust receipt, identical in form with the trust receipt offered in evidence upon the trial of this case, and that the Turner Motor Company purchased said cashier's checks for the plaintiff with money derived from the sale of said automobiles. These cashier's checks were delivered by the bank to the Turner Motor Company, and remained in its possession until the appointment of the receiver for said company, about two weeks after the date of the first check, and a few days after the date of the second check, when they came into the possession of said receiver. The checks were never in the possession of plaintiff, nor has either of them been endorsed by plaintiff.

With respect to the third issue, the court instructed the jury that if they believed the evidence, and found therefrom the facts to be as all the evidence tended to show, they should answer the third issue "Yes." Defendants excepted to this instruction, and assigns same as error.

In support of this assignment of error, defendants contend that plaintiff is not the owner of the cashier's checks described in the complaint, and, therefore, is not entitled to the possession of the same as against defendants or either of them, for that all the evidence shows that said cashier's checks have never been delivered to plaintiff. It must be held, however, that as between plaintiff and defendant, Turner Motor Com-

pany, plaintiff is the owner of said cashier's checks. Plaintiff, by the terms of the trust receipt executed by Turner Motor Company, was the owner of the automobiles in its possession, and sold by the said Company, notwithstanding the fact that said trust receipt was not registered, for it is well settled that as between the parties to the contract, a conditional sale, although reduced to writing, is valid without registration, as prescribed by statute. *Dry-Kiln v. Ellington,* 172 N. C., 481; *Kornegay v. Kornegay,* 109 N. C., 188. Registration of a conditional sale, or of a chattel mortgage is required by statute for the protection of the vendor or mortgagee against the claims of creditors of or purchasers for value from the vendee or mortgagee. *Smith v. Fuller,* 152 N. C., 7. Although not registered, either is good as between the parties.

The evidence shows that the cashier's checks described in the complaint were purchased by the Turner Motor Company from the bank, and paid for with money derived from the sale of automobiles, the title to which, as between plaintiff and the Turner Motor Company was in plaintiff. The money received by the Turner Motor Company from the purchasers of the automobiles was at the time of the purchase of the cashier's checks specifically applied to the satisfaction of the claims of plaintiff to said automobiles. Upon well-settled principles of equity, plaintiff by reason of its ownership of the automobiles, as against the Turner Motor Company, must be held, as against said company, the owner of the cashier's checks purchased with the proceeds of the sale of said automobiles. *Bank v. Crowder,* 194 N. C., 312; *Bank v. Waggoner,* 185 N. C., 297; *Edwards v. Culberson,* 111 N. C., 342.

These cashier's checks, issued by the First National Bank of Reidsville, N. C., and payable to the order of plaintiff, were delivered by the bank to the Turner Motor Company. The said company did not by reason of such delivery become the owner of said checks; it received them from the bank, for delivery to plaintiff, in discharge of its indebtedness to plaintiff, arising out of the breach of its contract, as set out in the trust receipt, by the sale of the automobiles. The delivery of the cashier's checks to the Turner Motor Company, upon all the facts shown by the evidence, was a delivery by the bank to the plaintiff. The defendant, the First National Bank, is liable to plaintiff for the amount of its cashier's checks, unless there is evidence from which the jury could have found that defendant, D. F. Mayberry, receiver, has acquired title to said checks, in behalf of creditors of the Turner Motor Company.

These cashier's checks were not assets of the Turner Motor Company at the date of the appointment of defendant, D. F. Mayberry, as receiver of said company, nor at any time prior thereto. The Turner Motor Company had never owned said checks, or had title to the same; it held them only as bailee. No creditor of said company could have

acquired a lien upon or title to said checks after their issuance and while they were in possession of said company. It therefore follows that the receiver acquired no title to or lien upon said checks, in behalf of creditors. The receiver of an insolvent corporation acquires only such title to property as the corporation had at the date of his appointment, or at the date of the commencement of the action in which the appointment is made. As, in the instant case, upon all the evidence, the Turner Motor Company had no title to the cashier's checks described in the complaint, its receiver acquired no title thereto.

It must therefore be held that there was no error in the instructions of the court to the jury upon the third issue. Defendants' assignment of error is not sustained. The judgment is affirmed.

No error.