CUTTER REALTY COMPANY v. DUNN MONEYHUN COMPANY.

(Filed 17 May, 1933.)

1. **Sales I b—Unregistered conditional sales contract is valid as between the parties.**

   An unregistered conditional sales contract is valid as between the parties, C. S., 3311, 3312, and where an automobile dealer sells cars under conditional sales contracts and assigns the contracts to a discount corporation for value, and the discount corporation repossesses the cars from the purchasers upon default in the payment of the purchase price, the discount corporation is the owner of the cars as against the purchasers and the dealer although the conditional sales contracts were not registered.

2. **Bailment A a: Receivers C b—Held: contract was one of bailment, and bailor was entitled to possession as against bailee's receiver.**

   A discount corporation obtained possession of and title to certain automobiles by repossessing them under conditional sales contracts which had been assigned for value to the discount corporation by the dealer. The discount corporation delivered the cars to the dealer under a contract providing that the dealer should repurchase such cars from the discount corporation for the amount due under the conditional sales contracts, and that until demand by the discount corporation and actual payment of the amount due by the dealer the title to the repossessed cars should remain in the discount corporation and that the dealer's possession should remain that of bailee for storage with duty to redeliver to the discount corporation upon demand. *Held,* the contract under which the cars were delivered to the dealer by the discount corporation was not a conditional sales contract, but created the relation of bailor and bailee, and the contract was not required to be registered, C. S., 3312, and the discount corporation remained the owner thereof and was entitled to possession upon demand as against the receiver of the dealer appointed upon the latter's insolvency.

APPEAL by the receiver of the defendant corporation from *Cowper, Special Judge,* at October Special Term, 1932, of MECKLENBURG. Affirmed.

Prior to the commencement of this action, the defendant corporation was engaged in business at Charlotte, N. C., as a dealer in automobiles. The defendant sold automobiles to its customers for cash, and also on the deferred payment plan. When the defendant sold an automobile on the deferred payment plan, by agreement with the purchaser, it retained title to the automobile until all the deferred payments had been paid in accordance with the terms of the sale. These agreements were in writing, and were in the form of conditional sales contracts. They were not recorded.

In order to realize cash for the conduct of its business from the conditional sales contracts made by it with its customers, the defendant

entered into a contract with the General Contract Purchase Corpora-
tion, by which the said corporation agreed to purchase from the de-
fendant, from time to time, such of the conditional sales contracts which
the defendants had made with its customers, as should be offered to said
corporation by the defendant, and should be in accord with its require-
ments. It was agreed that the defendant should transfer and assign
to said corporation, without recourse, such conditional sales contracts
with its customers as the corporation should purchase from the defend-
ant; that if thereafter the purchaser should make default in his pay-
ments as provided in his contract, and the corporation as assignee and
owner of the conditional sales contract should repossess or recover from
the purchaser the automobile described in his contract, and deliver the
same to the defendant, the defendant would pay the corporation, upon
its demand, in cash, the amount due on the contract; that when the
corporation had repossessed or recovered an automobile, and had de-
livered the same to the defendant, the defendant would store the auto-
mobile in its garage, and hold the same as bailee of the corporation,
until, upon its demand, the defendant had paid to the corporation in
cash the amount due by the purchaser under his contract; and that
until such demand and payment, both the title to the automobile, and
the right to its possession, upon demand, should remain in the General
Contract Purchase Corporation. This contract was in writing. It was
not recorded.

Prior to the commencement of this action, the General Contract Pur-
chase Corporation had repossessed or recovered from purchasers whose
conditional sales contracts had been transferred and assigned to it by
the defendant, without recourse, ten automobiles. These automobiles
had been delivered to the defendant by the said corporation, under the
terms of its contract, and were in the possession of the defendant at the
date of the commencement of this action. The defendant had not paid
to said corporation any part of the amounts due to it under the condi-
tional sales contracts, although demand had been made on the defendant
by the said corporation for the payments due under the conditional
sales contracts for four of said automobiles.

After the receiver of the defendant corporation had been appointed
by the court in this action, the General Contract Purchase Corporation
demanded of said receiver that he deliver to it the ten automobiles, which
were then in his possession. This demand was refused by the receiver,
who contended that he was entitled to hold said automobiles as the prop-
erty of the defendant. It was then agreed by and between the said corpo-
ration and the receiver, that the receiver should sell the ten automobiles
in his possession, and hold the proceeds of the sale, without prejudice
to the claim of the corporation, and subject to the orders of the court.

Pursuant to this agreement, the automobiles were sold by the receiver, who now has in hand, as the proceeds of the sale, the sum of $1,060.

Thereafter, the General Contract Purchase Corporation filed a petition in this action, praying the court to make an order directing the receiver to pay to it the said sum of $1,060. The receiver filed an answer to the petition. The proceeding was then heard by the court on a statement of facts agreed.

On these facts the court was of opinion that the contract between the defendant and the General Contract Purchase Corporation was not a conditional sales contract, and that under the provisions of this contract the said corporation was the owner and entitled to the possession of the ten automobiles which were in the possession of the defendant at the date of the commencement of this action.

It was thereupon ordered by the court that the receiver pay to the petitioner, General Contract Corporation, the said sum of $1,060, and that the costs of the proceeding be paid by the receiver. From this order the receiver appealed to the Supreme Court.

*Fred B. Helms and Frank E. Exum for petitioner.*
*H. C. Jones and Brock Barkley for receiver.*

CONNOR, J. When the General Contract Purchase Corporation, from time to time, delivered to the defendant the ten automobiles described in its petition, the said corporation was the owner of each of said automobiles. Its title and right to the possession of said automobiles was not and could not have been challenged by the defendant, notwithstanding the provisions of its contract with the said corporation, under which the delivery was made. The said corporation had repossessed or recovered each of said automobiles from the purchaser, under and by virtue of the conditional sales contract which had been transferred and assigned to it by the defendant, without recourse. The failure of the defendant or of said corporation, to have the conditional sales contract recorded, did not render the said contract void as between the purchaser and the defendant, or as between the purchaser and the General Contract Purchase Corporation, the assignee of the defendant. It has been uniformly held that a mortgage or conditional sales contract although not recorded, is valid as between the parties. It is void only as against creditors or purchasers for value. C. S., 3311, 3312. *Ellington v. Supply Co.,* 196 N. C., 784, 147 S. E., 307.

The automobiles were delivered to the defendant under the provisions of its contract with the General Contract Purchase Corporation. It is provided in said contract that "the dealer will repurchase each repossessed or recovered car, after the car has been tendered or delivered

to the dealer at the dealer's place of business . . . and will pay G. C. P. at its office, upon demand in cash the amount of the unpaid balance due G. C. P. on the note or other obligation. Until demand followed by actual payment by the dealer and delivery of official bill of sale by G. C. P. title to the repossessed car remains in G. C. P. and dealer's possession remains merely that of a bailee with duty to safely store for G. C. P. and redeliver to G. C. P. on demand."

By reason of this provision, the contract between the defendant and the General Contract Purchase Corporation, under which the automobiles described in the petition were delivered to the defendant, is not a conditional sales contract. It is not subject to the provisions of C. S., 3312, which requires the registration of all conditional sales of personal property in which the title is retained by the bargainor. At the date of the commencement of this action, the defendant had acquired no right, title or interest, legal or equitable, in the automobiles, except that of a bailee for storage. For that reason, the instant case is distinguishable from *Trust Co. v. Motor Co.,* 193 N. C., 663, 137 S. E., 874, and cases cited in the opinion in that case. The General Contract Purchase Corporation was the owner and entitled to the possession of the automobiles described in its petition, at the date of its demand that the receiver of the defendant redeliver said automobile to it.

There was no error in the order of the court directing the receiver to pay to the petitioner, General Contract Purchase Corporation, the proceeds of the sale of the automobiles which were in the possession of the defendant at the date of the commencement of this action. The order is

Affirmed.