McCREARY TIRE AND RUBBER COMPANY; C. M. McCLUNG AND COMPANY, INC.; GLOBE RUBBER PRODUCTS CORPORATION; NU ERA CORPORATION; ROBBINS TIRE AND RUBBER COMPANY, INC.; UNIVERSAL TOOL AND STAMPING COMPANY; GATES RUBBER COMPANY, SALES DIVISION, INC., A WYOMING CORPORATION, PLAINTIFFS v. JACK CRAWFORD D/B/A CRAWFORD TIRE COMPANY, DEFENDANT; AND B. W. ACCEPTANCE CORPORATION, INTERVENOR.

(Filed 12 October, 1960.)

**1. Appeal and Error § 21—**

An exception to the signing of the judgment presents the questions whether the facts found support the judgment and whether error of law appears upon the face of the record.

**2. Chattel Mortgages and Conditional Sales § 1—**

Trust receipts under which the trustor agrees that title to the subject chattels should remain in the *cestui* and that trustor should not sell or dispose of the chattels without paying the *cestui* the amount shown in the release price column, etc., constitute conditional sales contracts, which are treated under our law as chattel mortgages.

**3. Chattel Mortgages and Conditional Sales § 8—**

An unregistered chattel mortgage or conditional sales contract is valid as between the parties.

**4. Same: Registration § 5c—**

G.S. 47-20 protects from the lien of an unregistered conditional sales contract or chattel mortgage only purchasers for a valuable consideration from the bargainor or mortgagor and creditors who have first fastened a lien on the personalty in some manner sanctioned by law.

**5. Fraudulent Conveyances § 1—**

G.S. 39-23 does not apply to the seller's repossession of chattels under conditional sales contracts, even though the chattels constitute the bulk of the purchaser's stock of merchandise, since the debts secured by the instruments are not pre-existent but contemporaneous with the conditional sales.

6. **Chattel Mortgages and Conditional Sales § 8: Registration § 5c: Execution § 7—** Judgment creditors may not levy upon chattels repossessed by mortgagee prior to issuance of execution.

The owner of chattels sold same under trust agreements amounting to conditional sales contracts. The purchaser resold some of the articles by conditional sales which conditional sales contracts were assigned by him to the original seller. The original seller took possession of some of the articles by virtue of the trust agreement and took possession of other chattels by virtue of the assigned conditional sales contracts, and had the chattels stored in a warehouse prior to levy of execution on judgments obtained by creditors of the original purchaser. *Held:* The unregistered trust agreements being valid as between the parties and the original seller having repossessed the chattels before the judgment creditors had fastened any lien on the property, the original seller is entitled to restrain sale under the executions on the judgments. This result is not affected by the fact that the original pur-

Crawford Tire Company, and levy made on personal property in

chaser had a sum on deposit with the original seller at the time the chattels were repossessed to save the original seller harmless from any loss in financing retail conditional sales assigned to the original seller, and the legal rights in such sum is not presented by the appeal.

7. **Execution § 7—**

Where an intervenor seeking to restrain execution on certain chattels fails to introduce evidence of his title or right to possession of such chattels, motion of the judgment creditors to dismiss his claim to such chattels is properly allowed.

APPEAL by B. W. Acceptance Corporation, intervenor, from *Patton, J.,* November Term, 1959, of CHEROKEE.

Written motion in the cause by B. W. Acceptance Corporation, intervenor, to have recalled executions caused to be issued by plaintiffs, judgment creditors of the defendant, Jack Crawford d/b/a the possession of Gibbs Hardware Company, and that the Sheriff be restrained from selling this property under such executions, and that the intervenor be allowed to recover this property as its own.

Plaintiffs filed an answer to the motion. Defendant Crawford filed no pleading.

When the motion came on to be heard, plaintiffs and the intervenor stipulated, *inter alia,* as follows: One. This matter is properly before the court and there are no procedural irregularities. Two. A jury trial is waived, and the judge is authorized to find the facts, make conclusions of law, and enter judgment thereon.

## SUMMARY OF FINDINGS OF FACT.

For several years prior to 22 August 1959 Jack Crawford, a citi-

zen and resident of Cherokee County, operated an appliance business and store in the town of Murphy under the trade name of Crawford Tire Company, and sold appliances and merchandise from his store to the general public.

On 23 February 1959 and 26 June 1959 defendant Crawford confessed judgments in favor of the plaintiffs — the said judgments total $10,699.81.

Intervenor, B. W. Acceptance Corporation, is a foreign corporation with an office in Charlotte, North Carolina, and is engaged in the finance business.

On 20 October 1958 intervenor sold and shipped to the defendant Crawford at Murphy three items of merchandise, one of which was a Refrigerator, Model No. D-858, Serial No. 874470. In payment of such merchandise Crawford on the same day executed and delivered his promissory note payable to the order of intervenor three months after date in the sum of $452.63, and contemporaneously therewith executed and delivered to intervenor a Trust Receipt for such merchandise. The part of the Trust Receipt set forth in the findings of fact is as follows:

> "I (We) hereby acknowledge that said articles and any substitutions, exchanges or replacements thereto are the property of said B. W. Acceptance Corporation and agree to take and hold the same, at my (our) sole risk as to all loss or injury, for the purpose of storing said property, and I (we) hereby agree to keep said articles brand new and to return said articles to said B. W. Acceptance Corporation, or its order, upon demand, and to pay and discharge all taxes, encumbrances and claims relative thereto. I (we) hereby agree not to sell, loan, deliver, pledge, mortgage, or otherwise dispose of said articles to any other person until after payment of amounts shown in release price column above. I (we) further agree that the payment made by me (us), in connection with this transaction, may be applied for reimbursement for any expense incurred by B. W. Acceptance Corporation, in the event of breach of this Trust or repossession of said articles. I (we) further agree to keep said articles fully insured under standard fire and extended coverage policies written by a responsible insurance company. It is further agreed that no one has authority to vary the terms of this Trust Receipt."

On 5 December 1958 an exactly similar transaction took place between Crawford and intervenor as to five items of merchandise,

three of which were: a Norge Refrigerator, Model No. CS-913, Serial No. 907861, a Norge Refrigerator, Model No. C-911, Serial No. 914959, and a Norge Refrigerator, Model No. D-858, Serial No. 904685, except that the amount payable in the note and its maturity date differ.

On 5 March 1959 an exactly similar transaction took place between Crawford and intervenor in respect to a Refrigerator, Model No. CBH-1158, Serial No. 825631, a Refrigerator, Model No. D-911, Serial No. 956024, and a Refrigerator, Model No. C-911, Serial No. 914231, except that the amount of the note and its maturity date differ, and except that the Trust Receipt does not require that the articles be kept fully insured.

On 6 March 1959 an exactly similar transaction took place between Crawford and intervenor as to six items of merchandise, two of which were a Range, Model No. E-38, Serial No. 254697, and a Washer, Model No. AW-28, Serial No. 95204, except that the amount of the note differs, and except that the Trust Receipt does not require that the articles be kept fully insured.

On 19 May 1959 an exactly similar transaction took place between Crawford and intervenor as to three items of merchandise, one of which was a Freezer, Model No. CF-16, Serial No. 107097, except that the amount of the note differs, and except that the Trust Receipt does not require that the articles be kept fully insured.

On 16 June 1959 an exactly similar transaction took place between Crawford and intervenor as to five items of merchandise, two of which were as follows: a Refrigerator, Model No. D-1158, Serial No. 807447, and a Refrigerator, Model No. C-1158, Serial No. 788210, except that the amount of the note differs, and except that the Trust Receipt does not require that the articles be kept fully insured.

Neither these notes nor these Trust Receipts were registered in Cherokee County, or elsewhere.

On 19 August 1959 the intervenor, through its agent, C. Y. Bumgarner, came to Murphy, and took from out of Crawford's store and into its possession the Refrigerators, the Range, the Washer, and the Freezer set forth above, and also the following articles: a Freezer, Model No. CF-20, Serial No. 111718, a Washer, Model No. AW-16-LF, Serial No. 274279, an Olympic T. V., Model No. 18 BT61, Serial No. 620668, a Philco T. V., Model No. 22C4113, Serial No. ....., an RCA 21" T. V., Model No. 21S500R, Serial No. A2233623, a Motorola 21", Model No. 21T16, Serial No. 415598, an RCA 17", Model No. 6T-71, Serial No. B2781215, and an ABC

Semi-Auto Washer, Model No. ................, Serial No. ................, and placed them in Jim Gibbs' warehouse in the town of Murphy for storage, and the articles were accepted by Gibbs for such purpose. Intervenor took possession of these articles from Crawford, because Crawford had previously sold and disposed of four items of merchandise covered by Trust Receipts similar to the Trust Receipt set forth above before paying intervenor for them. These articles taken by intervenor constituted a large part of Crawford's stock of merchandise. At the time intervenor took into its possession from Crawford the articles set forth above, it obtained from Crawford a Release, which recites in substance that Crawford, in consideration of financial services rendered to him by the intervenor, and in consideration of the intervenor's forbearance from instituting legal proceedings to effect repossession of the merchandise therein described, in behalf of himself, his assigns, heirs and successors in interest released, and forever discharged intervenor, its assigns and successors in interest from any and all actions or causes of actions, suits, claims, demands or judgments on account of repossession by intervenor from the premises of Crawford, the following merchandise. Then follows a description by Model Numbers and Serial Numbers of all the articles specifically set forth above upon which articles Crawford had executed and delivered to intervenor Trust Receipts.

On 20 August 1959 the clerk of the Superior Court of Cherokee County issued an execution on each of the judgments of the plaintiffs, and placed these executions in the hands of the sheriff of Cherokee County. Under the authority of such executions, the sheriff on 23 August 1959 levied upon and took possession of all the articles taken out of Crawford's store by intervenor, and stored by him in Jim Gibb's warehouse.

Of the articles taken out of Crawford's store by intervenor, and levied on by the sheriff in Jim Gibbs' warehouse, the Olympic T. V., Model No. 18 BT61, Serial No. 620668, and the RCA 21" T. V., Model No. 21S500R, Serial No. A2233623 had been previously sold by Crawford — the first article to G. D. Frankum on 5 June 1959 and the last article to Stizy Ferguson on 31 January 1959 — under conditional sales contracts, which conditional sales contracts Crawford for value assigned to intervenor. Subsequently Frankum and Ferguson defaulted in their payments due under the conditional sales contracts, and Crawford repossessed these television sets, and placed them back in his store. Of the articles levied upon and taken possession

of by the sheriff, intervenor offered no evidence of ownership as to the following: a Freezer, Model No. CF-20, Serial No. 111718, a Washer, Model No. AW-16-LF, Serial No. 274279, a Philco T. V., Model No. 22C4113, Serial No. ..............., a Motorola 21", Model No. 21T16, Serial No. 415598, and RCA 17", Model No. 6T-71, Serial No. B2781215, and an ABC Semi-Auto Washer, Model No. ................, Serial No. .................

The defendant Jack Crawford had on deposit with the intervenor at the time intervenor took possession of the merchandise and property, as hereinbefore set out, and at the time of the hearing of this matter a sum of money greater in amount than the value of all of the property and merchandise levied upon and taken possession of by the sheriff, as hereinbefore set out, and intervenor had said money in its physical possession and control at the date of this hearing as well as at the date of the levy. Said money was deposited with intervenor by the defendant Jack Crawford for the purpose of saving intervenor harmless from any loss it might sustain in financing retail conditional sales contracts assigned by defendant to intervenor.

## CONCLUSIONS OF LAW.

The judgment recites that the statements following the findings of fact are the opinion of the court — they are in reality conclusions of law, and in substance are as follows:

The intervenor is not the owner of, and is not entitled to the possession of the property levied upon, and taken possession of by the sheriff, and that such property should be sold, and the proceeds applied to the payment of the plaintiffs' judgments.

The Trust Receipts are in effect conditional sales contracts, and are required to be registered under the provisions of N. C. G.S. 47-20 in order to be valid against defendant Crawford's creditors. The Trust Receipts were not registered in Cherokee County, or elsewhere, at the date of the sheriff's levy, and, therefore, intervenor cannot claim title to the property under instruments invalid, as to Crawford's creditors.

As to the Olympic T. V. Set and the RCA 21" T. V. Set, which Crawford had sold under conditional sales contracts, which conditional sales contracts he assigned to intervenor, intervenor has sustained no loss due to the fact that it has in its possession sufficient money deposited with it by Crawford for the purpose of securing it against such type loss.

As to the following articles of property levied upon and taken possession of by the sheriff, a Freezer, Model No. CF-20, Serial No. 111718, a Washer, Model No. AW-16-LF, Serial No. 274279, a Philco T. V., Model No. 22C4113, Serial No. ..... .... .. .., a Motorola 21", Model No. 21T16, Serial No. 415598, an RCA 17", Model No. 6T-71, Serial No. B2781215, and an ABC Semi-Auto Washer, Model No. ....... . , Serial No. .. .. .... ..., intervenor did not offer any evidence of ownership. The burden of proof is upon intervenor claiming title to this property to prove its title by the greater weight of the evidence.

Whereupon, the court adjudged and decreed that intervenor is not the owner of, and is not entitled to the possession of the property levied on by the sheriff, and the motion of the intervenor be dismissed, that the property levied on by the sheriff be sold and the proceeds of the sale be applied to the payment of the judgments of plaintiffs, and that intervenor be taxed with the costs.

From the judgment intervenor appeals.

*McKeever & Edwards for appellees.*

*Weinstein, Muilenburg, Waggoner & Bledsoe for Appellant, Intervenor.*

PARKER, J. Intervenor has one assignment of error: The court erred in signing the judgment, and in not allowing intervenor's motion to recall the executions.

The exception to the signing of the judgment presents two questions: One, do the facts found support the judgment, and two, does any error of law appear upon the face of the record. *Goldsboro v. R. R.,* 246 N.C. 101, 97 S.E. 2d 486, and cases there cited.

Plaintiffs in their written and verified answer to intervenor's written motion aver that the Trust Receipts executed and delivered by Crawford to intervenor were in effect chattel mortgages. Judge Patton's legal conclusion — stated by him as his opinion — was that these Trust Receipts are in effect conditional sales contracts.

The Trust Receipt set forth in *General Motors Acceptance Corporation v. Mayberry,* 195 N.C. 508, 142 S.E. 767, is almost identical with the Trust Receipts here, with the exception of a few recitals immaterial in the instant case. In that case the Court held that insofar as it affected creditors of either party, the transaction was a conditional sale. In this jurisdiction, conditional sales contracts for personalty in which title is retained as security for the debt

are treated as chattel mortgages. *Mitchell v. Battle,* 231 N.C. 68, 55 S.E. 2d 803, and cases and text books there cited.

It has been uniformly held in this State that a chattel mortgage or a conditional sales contract for personalty, although not recorded, is valid as between the parties. *Sales Co. v. Weston,* 245 N.C. 621, 97 S.E. 2d 267; *Realty Co. v. Dunn Moneyhun Co.,* 204 N.C. 651, 169 S.E. 274; *General Motors Acceptance Corporation v. Mayberry, supra; Thomas v. Cooksey,* 130 N.C. 148, 41 S.E. 2; *Butts v. Screws,* 95 N.C. 215. See *Leggett et al v. Bullock,* 44 N.C. 283.

G.S. 47-20 does not protect every creditor or purchaser against unrecorded chattel mortgages or conditional sales contracts of personalty. It protects only (1) purchasers for a valuable consideration from the bargainor or mortgagor, and (2) creditors who have first fastened a lien on the personalty in some manner sanctioned by law. *Sales Co. v. Weston, supra; Finance Corporation v. Hodges,* 230 N.C. 580, 55 S.E. 2d 201.

"A judgment constitutes no lien upon the personal estate of the judgment debtor, a seizure thereof by an officer under authority of an execution creates a special property therein and a lien thereon for the purpose of satisfying the execution. It is the levy under execution that creates the lien in favor of the judgment creditor." *Finance Corporation v. Hodges, supra.*

Jones, "Chattel Mortgages and Conditional Sales," 6th Ed., Vol. 1, Sec. 178, says: "If a mortgagee takes possession of the mortgaged chattels before any other right or lien attaches, his title under the mortgage is good against everybody, if it was previously valid between the parties, although it be not acknowledged and recorded, or the record be ineffectual by reason of any irregularity."

In 21 Am. Jur., Executions, Sec. 441, it is said: "The general rule is that a levy may not be made on mortgaged personal property under an execution against the mortgagor while the mortgagee is in possession. *A fortiori,* mortgaged personal property may not be seized and taken from a mortgagee after it has been surrendered to him to sell in satisfaction of the mortgage." To the same effect see 33 C.J.S., Executions, p. 177.

In *Cowan v. Dale,* 189 N.C. 684, 128 S.E. 155, the Court held that where D. E. Flowers, before making a deed of assignment for the benefit of creditors, had given a mortgage on his stock of merchandise (personal property), and the mortgagee was in peaceful possession thereof at the time the deed of assignment for the benefit of creditors was made, the trustee under this deed takes with notice, notwithstanding the mortgage was ineffectual under our registration

law as constructive notice, and a temporary restraining order of sale under the mortgage was properly dissolved. The Court, after quoting with approval what we have quoted above from Jones, "Chattel Mortgages and Conditional Sales," states immediately thereafter:

"To the same effect is a uniform line of decisions. 'The object of requiring a mortgage of personal property to be filed or recorded is to give creditors and subsequent purchasers notice of its existence when the mortgagor retains possession of the property. If the actual possession of the property is changed, then the necessity for recording or filing the chattel mortgage fails. And the same may be said in respect to an imperfect or insufficient description of the mortgaged property. If the mortgagee takes possession of the mortgaged property, that is sufficient. That is an identification and appropriation of the specific property to the mortgagee.' *Morrow v. Reed,* 30 Wis., 81. 'If a mortgagee or pledgee takes possession of the mortgaged, or pledged chattels before any other lien attaches thereto, his title is valid as against subsequent attachment or execution creditors, there being no fraud in fact, although the mortgage was not filed or the chattels delivered when the contract of pledge was made.' *Prouty v. Barlow,* 76 N.W., (Minn.), 946. 'If a mortgagee take possession of mortgaged chattels before any other right or lien attaches, his title under the mortgage is good against everybody, although it be not acknowledged and recorded, or the record be eneffectual by reason of any irregularity. *Chipron v. Feikert,* 68 Ill., 284; *Frank v. Miner,* 50 Ill., 444; *McTaggart v. Rose,* 14 Ind., 230; *Brown v. Webb,* 20 Ohio, 389. Subsequent possession cures all such defects. *Morrow v. Reed,* 30 Wis., 81. No particular mode of taking or retaining possession is required. It is not necessary that the property be delivered to the mortgagee in person; delivery to his agent is equally effectual.' *Bank v. Commission Co.,* 64 N.E. (Ill.), 1097, 1104. See, also, *Ogden v. Minter,* 91 Ill. App., 11; *Bank v. Gilbert,* 174 Ill., 485. 'In case of a mortgage (of personal property) the right of property is conveyed to the mortgagee, by a perfect title, which title is liable to be defeated by the payment of the mortgage debt, and if the mortgagee takes possession of the property, he takes it as his own, and not as the mortgagor's.' *Janvrin v. Fogg,* 49 N.H., 310, 351. 'Such a lien (mortgage) is good between the parties, without a change of possession, even though void as against subsequent purchasers in good faith without notice, and creditors levying executions or attachments; and if followed, by a delivery of possession, before the rights of third persons have intervened, it is good absolutely.' *Hauselt v. Harrison,*

105 U.S. 401, 26 Law Ed., 1075. See, also, 11 C.J., 587, sec. 281.

"Upon reason and authority therefore we are of opinion that the plaintiff is not entitled to a continuance of the restraining order. This conclusion does not impair the validity of our statutes regulating the registration of written instruments or modify the force and effect of the decisions which hold that no actual notice of a prior unrecorded mortgage will supply the place of registration; but it upholds the principle that where a mortgagee takes possession of mortgaged property in good faith for the purpose of foreclosing a chattel mortgage which secures his debt before any other right or lien attaches, his title under the mortgage is good and a subsequent encumbrancer takes subject to the mortgagee's lien."

As to the ariticles of personalty sold by intervenor to Crawford for which Crawford executed and delivered to intervenor his promissory notes for the purchase prices secured by Trust Receipts, which Trust Receipts, according to *General Motors Acceptance Corporation v. Mayberry, supra,* are conditional sales agreements, and in this State are treated, according to our decisions, as chattel mortgages, such Trust Receipts, although not recorded, are valid as between intervenor and Crawford. Plaintiffs contend that intervenor had no right to repossess such personalty. Such a contention is unsound, for the reason that the Trust Receipts provide that Crawford agreed "to return said articles to said B. W. Acceptance Corporation, or its order, upon demand." Intervenor's legal right to repossess these articles of personal property is not impaired by the fact that Crawford had on deposit with intervenor at the time it repossessed this property a sum of money for the purpose of saving intervenor harmless from any loss it might sustain in financing retail conditional sales contracts assigned by defendant to intervenor. What the legal rights are as to this sum of money is not before us for decision on this appeal.

As to the Olympic T. V., Model No. 18BT61, Serial No. 620668, and the RCA 21" T. V., Model No. 21S500R, Serial No. A2233623 previously sold by Crawford under conditional sales contracts, which contracts Crawford for value assigned to intervenor, and which articles Crawford by reason of default in the payments due under such contracts repossessed and placed in his store, such conditional sales contracts, although not recorded, are valid as between the parties. As to such articles, intervenor was the owner, *Realty Co. v. Dunn Moneyhun Co., supra,* and had a right to take possession of them, and this legal right is not impaired by the sum of money Crawford had on deposit with intervenor, as set forth above.

The court found as a fact that the articles taken out of Crawford's store by intervenor, and, stored by it in Jim Gibbs' warehouse, constituted a large part of Crawford's stock of merchandise. Plaintiffs' contention that this constituted a transfer of a large part of Crawford's stock of merchandise without a valuable consideration and is void as against creditors, and violates G.S. 39-23, is without merit. Under our decisions the Trust Receipts given by Crawford cannot be deemed violative of G.S. 39-23 or void as against creditors, because the debts secured, by the Trust Receipts were not pre-existent but contemporaneous with the contract of purchase from intervenor, constituting a part of one continuous transaction. *Cowan v. Dale, supra,* and the cases there cited. Certainly the assignment by Crawford to intervenor of the conditional sales contracts as to the Olympic T. V. and the RCA 21" T. V. do not violate G.S. 39-23, and is not void as to creditors.

Intervenor took possession of the articles of personal property for which Crawford had given him Trust Receipts and the two articles of personal property upon which he held conditional sales contracts assigned to it for value by Crawford before any right or lien of plaintiffs attached, and therefore its title under the Trust Receipts and conditional sales contracts was good against plaintiffs, as it was previously valid between the parties, although such instruments were not recorded. Under such facts a levy cannot be made on such property under plaintiffs' executions here.

Upon the facts found by the learned judge, he was in error in concluding as a matter of law that the intervenor is not the owner of, and is not entitled to the possession of the Refrigerators, the Range, the Washer and the Freezer, which it had taken and, had in its possession by virtue of the Trust Receipts for such articles executed and delivered to him by Crawford to secure the purchase money notes for said articles, and of the Olympic T. V. and the RCA 21" T. V., which it had taken and had in its possession by virtue of the conditional sales contracts assigned to it for value by Crawford. Upon the facts found by the learned judge, he was in error in concluding as a matter of law that the Trust Receipts were required to be registered under the provisions of N. C. G.S. 47-20 to be valid against Crawford's creditors, and as they were not registered, intervenor cannot claim title to the property under these Trust Receipts. The judge was in error in adjudging that intervenor is not the owner of, and is not entitled to the possession of the articles taken possession of by intervenor by virtue of the

Trust Receipts and of the conditional sales contracts and levied on by the sheriff, in dismissing as to these articles intervenor's motion, and in ordering that this property levied on by the sheriff be sold and the proceeds of the sale be applied to the payment of plaintiffs' judgments, and in taxing intervenor with the costs. These errors of law appear upon the face of the record.

As to the six articles which intervenor took into its possession, and about which it offered no evidence of ownership — which facts found by the judge are not challenged by intervenor —, intervenor is not the owner of, or entitled to the possession of these six articles, and it makes no specific contention in its brief that its motion should be allowed as to these six articles. Such being the case as to these six articles, intervenor's motion should be dismissed as to these six articles.

The case is ordered remanded to the lower court, which shall make proper conclusions of law pursuant to this opinion, and enter judgment allowing intervenor's motion as to the Refrigerators, the Range, the Washer, and the Freezer held in its possession by intervenor by virtue of the Trust Receipts, and as to the Olympic T. V. and the RCA 21" T. V. held in its possession by intervenor by virtue of the conditional sales contracts.

The judgment recites the parties stipulated that the judgment could be signed out of term and out of the county. The judgment was signed on 31 December 1959 by Judge Patton in chambers at his home in Franklin. Cherokee County is in the 30th Judicial District. By our rules appeals from the 30th Judicial District were required to be docketed by 10:00 a.m., Tuesday, 12 January 1960. We allowed the petition for a writ of *certiorari,* and ordered the case to be heard in regular order at the Fall Term, 1960.

Error and remanded.