THE LAMSON COMPANY, INC., v. J. L. MOREHEAD, RECEIVER OF RAWLS-KNIGHT COMPANY.

(Filed 2 July, 1930.)

**1. Parties B b—Judgment sustaining demurrer of party joined as defendant on motion of original defendant held not error.**

Where in an action against the receiver of an insolvent corporation on an executory contract the plaintiff alleges that there was no contractual relation between it and the purchaser from the receiver of the property which was the subject-matter of the contract, and the purchaser is made a party on motion of the receiver who alleges that the purchaser is solely liable to the plaintiff: *Held,* judgment sustaining the demurrer of the purchaser is not error.

2. **Corporations H a—Damages may be recovered against receiver of insolvent corporation for breach of executory contract.**

A receiver of an insolvent corporation may be sued for damages for breach of an executory contract of the corporation by permission of court, *Wade v. Loan Association*, 196 N. C., 171, in which the action was upon an executory contract of employment, cited and distinguished.

3. **Courts A a—Where sum demanded in action against receiver for breach of executory contract exceeds $200 Superior Court has jurisdiction.**

Where, in an action against the receiver of an insolvent corporation for breach of an executory contract, the sum demanded in good faith exceeds two hundred dollars, the Superior Court has jurisdiction, the plaintiff being entitled to recover thereon upon a proper showing, the contract not being an executory contract of employment invalidated by the receivership.

APPEAL by plaintiff from *Cranmer, J.,* at October Term, 1929, of DURHAM. Reversed.

This is an action instituted by plaintiff against the defendant to recover the sum of $477.97 due on a certain contract for a Lamson Preferred Cash Carrier System, made by plaintiff with Rawls-Knight Co., a corporation that is now insolvent, and J. L. Morehead, the defendant, is the duly appointed receiver. The plaintiff filed a petition stating that it had a good cause of action against defendant and praying the court to make an order authorizing and allowing it to enter suit against the defendant for said sum of $477.97. The court below made an order authorizing and empowering plaintiff to bring an action against said defendant for the sum mentioned. In the petition, the plaintiff alleges: "That this affiant is advised, informed and believes, and so states, that the said receiver acknowledges the correctness of said claim, but asserts that the claim should be paid by a corporation known as the Sinkoe Company, who purchased the assets of Rawls-Knight Company, and as the said receiver alleges, assumed the payment of this portion of the indebtedness of the said Rawls-Knight Company; that the said Lamson Company has no contractual relation whatsoever with the said Sinkoe Company."

The receiver answered and, among other things, said: "It is admitted that the Rawls-Knight Company was indebted to plaintiff for rentals on the property covered by the contract marked Exhibit A, from 1 June, 1928, to 4 December, 1928, in the amount of $87.63, and this amount defendant, as receiver, has offered and now offers to allow as an approved claim against the said Rawls-Knight Company, and to pay thereon its distributive share of the assets of the Rawls-Knight Company. . . . And defendant further says that if plaintiff is entitled to any relief as against this defendant, which is denied, it is entitled only to have its

claim approved and filed by the receiver, and is entitled to recover thereafter only its distributive share of the assets of the Rawls-Knight Company; that in no event is plaintiff entitled to recover of this defendant the full amount prayed for in the complaint."

The defendant further sets up as a defense and alleges that certain of the property of Rawls-Knight Company, describing it, which he held as receiver, that an offer of purchase was made by E. I. & R. A. Sinkoe for same. That a report was duly made to the court and an order was made by the court authorizing and instructing the defendant to sell and convey, which he did, the "goods, merchandise, furniture, fixtures and equipment of the Rawls-Knight Company," to the said E. I. and R. A. Sinkoe for $7,750.

The defendant further alleges: "That prior to receiving the offer from E. I. and R. A. Sinkoe this defendant had discussed the sale of the business of the Rawls-Knight Company to the Sinkoe Brothers with P. D. Alexander, manager of plaintiff company, with officers in the city of Atlanta, Georgia, and received his permission to transfer to the purchasers, in the event the entire business was sold, the properties of the Lamson Company held under lease or agreement, and immediately upon effecting the sale to the said E. I. and R. A. Sinkoe this defendant notified the said P. D. Alexander that the said sale has been made. . . . This defendant says that by the terms of the order made by his Honor, W. A. Devin, resident judge, and by the terms of the agreement with the said E. I. and R. A. Sinkoe, as shown by the bill of sale covering the transfers of the company, and with the consent and approval of the Lamson Company, the equipment referred to in the agreement with the Lamson Company was transferred and sold to the said E. I. and R. A. Sinkoe, and that they are solely responsible to plaintiff for any amount which may be due under said agreement. . . . Except such distributive dividends as may have heretofore been paid, or may be hereafter paid, by him as receiver on the amount of $87.63, the amount of past due rentals due by the Rawls-Knight Company, and further the sum of $12.40 as rent of the Lamson system from 5 December, 1928, to 1 January, 1929, the time such system was used by this defendant, as receiver. . . . That said E. I. and R. A. Sinkoe are necessary parties to the proper adjustment of this action, and the receiver asks that an order be issued making said E. I. and R. A. Sinkoe party-defendants, and that summons be issued to them to appear and take such actions as they may deem best."

An order was duly made making E. I. and R. A. Sinkoe parties defendant to the action. The said E. I. and R. A. Sinkoe demurred to the complaint on the ground that there is a defect of parties. C. S.,

511(4). That the complaint does not state facts sufficient to constitute a cause of action. C. S., 511(6). They set forth several grounds, among them that the court had no jurisdiction as plaintiffs' claim was for less than $200 under the contract.

The judgment of the court below was as follows: "The pleadings of plaintiff and defendant, J. L. Morehead, receiver of Rawls-Knight Company, were read and the court heard argument of counsel for all the parties upon the demurrer of E. I. Sinkoe and R. A. Sinkoe, and during the argument upon the demurrer J. L. Morehead, receiver of Rawls-Knight Company, through his counsel, without further notice, entered a demurrer *ore tenus* to the complaint of the plaintiff, and the court being of the opinion that the complaint of the plaintiff does not set out a cause of action within the jurisdiction of the Superior Court, and that this court is without jurisdiction for the reason of the fact that the amount in controversy is less than $200.00. It is now, therefore, considered, ordered and decreed that the demurrer filed by the defendants, E. I. Sinkoe and R. A. Sinkoe, be, and the same is hereby sustained, and it is further considered, ordered and adjudged that the demurrer *ore tenus* of J. L. Morehead, receiver of the Rawls-Knight Company, be and the same is hereby sustained, and it is further considered, ordered and adjudged that this action be, and the same is hereby dismissed at the cost of the plaintiff."

The plaintiff assigned errors: That "the court committed error in sustaining the demurrer of E. I. Sinkoe and R. A. Sinkoe. The court committed error in sustaining the demurrer *ore tenus* of J. L. Morehead, receiver of Rawls-Knight Company. The court committed error in signing the judgment, as set out herein."

*McLendon & Hedrick for plaintiff.*
*John Newitt for defendants E. I. and R. A. Sinkoe.*
*W. H. Murdock for defendant J. L. Morehead, receiver.*

CLARKSON, J. The plaintiff in the petition distinctly alleges "that the said Lamson Company has no contractual relation whatsoever with the said Sinkoe Company." We cannot see how the defendant can have E. I. and R. A. Sinkoe made parties to the action and then plead for plaintiff that the Sinkoes are solely responsible to it when the plaintiff says there is no contractual relation between it and the Sinkoes. *Benevolent Assn. v. Neal,* 194 N. C., 401. Then again, the court below sustained the demurrer filed by the Sinkoes. The plaintiff appealed. *The receiver did not.* We find no error in the court below sustaining the demurrer of the Sinkoes.

In *Sewing Machine Co. v. Burger*, 181 N. C., at p. 255, concurring opinion of *Clark, C. J.*, it is said: "In the Superior Court the sum demanded in good faith confers jurisdiction and when this is done the court is not forbidden to give judgment for less than $200." *Duckworth v. Mull*, 143 N. C., 461; *Houser v. Bonsal*, 149 N. C., 51; *Wooten v. Drug Co.*, 169 N. C., 64; *Williams v. Williams*, 188 N. C., 728; McIntosh, N. C. Prac. and Proc., p. 56, sec. 57.

We infer that the demurrer was sustained on behalf of defendant, receiver, on the ground that on the appointment of a receiver, it made plaintiffs' executory contract impossible of performance by the Rawls-Knight Company, and the plaintiff could recover only the amount due when the receiver was appointed. That the amount was $87.63, and plaintiff was only entitled to a distributive dividend to be paid on that amount and the sum of $12.40 due by the receiver as rental. These amounts were under $200.00, and the Superior Court had no jurisdiction. Constitution of North Carolina, Art. IV, sec. 27.

The court below, no doubt, based its opinion on *Wade v. Loan Assn.*, 196 N. C., p. 171. It is there held: Upon the appointment of a receiver by a court of competent jurisdiction for any cause, executory contracts of employment of a corporation are thereby invalidated during the receivership, performance being made impossible by operation of law, and damages may not be recovered for its breach. *Lenoir v. Improvement Co.*, 126 N. C., 922.

It may be noted that in plaintiff's contract it sets forth "if receivers are appointed to take possession of the business of the user  .  .  .  all unpaid amounts to the end of this agreement  .  .  .  be at once precipitated and become due and payable."

We do not extend the doctrine in the *Wade* and *Lenoir cases, supra*, further than as there laid down applicable where the relationship is that of officers, agents or employees. We can see no reason why a corporation although placed in the hands of a receiver should not be liable for its executory contracts. Plaintiff's contract was not recorded whether it should be as against creditors and purchasers for value, we are not called upon now to decide. C. S., 3312. *Trust Co. v. Motor Co.*, 193 N. C., 663; *Acceptance Corp. v. Mayberry*, 195 N. C., 508. We may say that plaintiff's contract does not appeal to the conscience of a court of equity. Courts are slow to enforce unconscionable contracts.

In *Bangert v. Lumber Co.*, 169 N. C., at p. 630, it is said: "Equity does not favor forfeitures or penalties, and will relieve against them when practicable, in the interest of justice. 2 Story Eq., p. 644; *Carpenter v. Wilson*, 59 Atl. Rep., 187; *Seldon v. Camp*, 95 Va., 528.".

The sum demanded by plaintiff, and for which the court allowed plaintiff to bring this action, was over $200.00, to wit, $477.97. The

sum demanded seems to have been made in good faith. The rights of the parties under the contract we do not pass on. The Superior Court, had jurisdiction.

For the reasons stated, the judgment of the court below sustaining the demurrer of the receiver, is

Reversed.