188

Circuit Court of Appeals, Eighth Circuit.
Dec. 1, 1938.

Donald D. Harries, of Duluth, Minn. (Gillette, Nye, Harries & Montague, of Duluth, Minn., on the brief), for appellant.

M. J. Doherty, of St. Paul, Minn. (Doherty, Rumble, Butler, Sullivan & Mitchell, of St. Paul, Minn., on the brief), for appellee.

Before SANBORN, THOMAS, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is an action at law to recover damages for the refusal of defendant, a Minnesota Mining Corporation, to honor 5 stock purchase warrants issued by defendant to plaintiff, Chester D. Tripp.

The complaint alleges five causes of action, each based upon a breach of the contract expressed in the five warrants. The warrants are similar in form, and appellant states that an analysis of one cause of action will suffice for a determination of this appeal and bases his argument on Warrant No. 1, which reads as follows:

"No. X 1                    1000 shares
      "North Butte Mining Company
      "120 Broadway, New York

"Special Warrant for Purchase of Stock

"For value received the North Butte Mining Company hereby gives and grants to Chester D. Tripp of Chicago, Illinois, the right and option to purchase One Thousand (1000) Shares of its treasury stock at $3.00 per share, at any time on or before January 1, 1929, on presentation and surrender of this warrant, properly endorsed, at its office in New York, and payment in New York funds for the stock so. purchased.

      "North Butte Mining Company,
            "By F. R. Kennedy, Treasurer.
"Dated New York, N.Y.
      "January 4, 1927."

The complaint alleges that on the date when the stock purchase warrants were issued, the authorized capital stock of defendant consisted of 1,000,000 shares of the par value of $10 each, and that 632,328 shares of the $10 stock were outstanding when, on April 16, 1928 (prior to the tender of the warrant by plaintiff and defendant's refusal to honor it), defendant increased the authorized capital stock to 1,500,000 shares and reduced the value of each share from $10 to $2.50 per share.

The complaint further alleges that at the time plaintiff tendered the warrants to defendant (which had gone into receivership since the issuance of the warrants) and demanded of the Receivers the amount of stock which he was entitled to receive by virtue of the warrants, he informed them "that as long as defendant corporation had incapacitated itself from delivering stock of the par value of Ten Dollars

($10.00) each, plaintiff was willing to accept in lieu thereof stock of the par value of Two and one-half Dollars ($2.50) per share, at the rate of four shares of stock of the par value of Two and one-half Dollars ($2.50) each for one share of stock of the par value of Ten Dollars ($10.00) each. That by reason of said corporate action increasing the number of shares of defendant corporation from one million (1,000,000) shares to one million five hundred thousand (1,500,000) shares, and reducing the par value thereof from Ten Dollars ($10.00) per share to Two and one-half Dollars ($2.50) per share, the capital stock of said corporation was diluted to the detriment and damage of plaintiff, and that therefore plaintiff was entitled to receive four shares of said stock of the par value of Two and one-half Dollars ($2.50) per share for each share of Ten Dollars ($10.00) par value stock called for by said purchase warrant."

The complaint further alleges that the Receivers refused to deliver stock of any kind to plaintiff, and prays for damages in the amount of the market value of the stock at the date of the tender of the warrant.

The defendant demurred to the complaint upon the ground that it failed to state a cause of action, and this appeal is taken from the Order and Judgment dismissing the complaint.

The lower Court held that it clearly appeared that the plaintiff was not demanding 1,000 shares of the corporation's treasury stock at $3 per share, but 4,000 shares of which demand and tender there was a rejection; that by plaintiff's making tender and demand on the basis of 4,000 shares instead of 1,000, there was a departure and variance from the contract terms, and consequently a failure to exercise the options granted by the warrant; that there was no specification on the face of the warrant as to what the par value was to be, and it was taken subject to the right of defendant Company to change its capital structure.

The lower Court in its Memorandum sustaining the demurrer stated that the demurrer raised the following questions:

1. Did the defendant breach its contract obligation by the corporate action taken on April 16–18, 1928, for which the plaintiff may recover?

2. Could the plaintiff demand more of the defendant than the number of shares specified in the warrant?

3. Was there any proper exercise of the rights reflected by the warrants in the light of the character of the demand and tender made?

Appellant contends that his tender of the warrant was not conditioned upon a breach of contract by the defendant's changing its capital structure, as the lower Court apparently assumed; but that, having entered into a contract granting an option to plaintiff to buy a definite number of shares of its treasury stock, the defendant had no right to avoid that contract by disabling itself from performance; that "treasury stock" meant the shares of the par value of $10, since that was the only type which could have been in the contemplation of the parties when the contract was made; that plaintiff was entitled to the number of shares, regardless of par value, which would represent the same fractional interest in the total capitalization contemplated by the warrant when made; that is, a warrant which called for 1,000 shares when the capitalization was 1,000,000 shares, could be discharged by delivery of 1,500 shares upon an increase of the stock to 1,500,000 shares; that although plaintiff was entitled to demand more than the number of shares specified in the warrant, he did not in fact word his demand in that form, but only demanded "the stock which he was entitled to receive", and a mere statement of willingness to accept a larger number of other shares cannot destroy the effect of the demand made; that an allegation of willingness should not be sufficient to destroy a cause of action without opportunity to show by means of evidence whether plaintiff absolutely refused performance by defendant except on the basis of four shares for one, or whether he conditioned his tender upon the performance by defendant on that basis.

Appellant further contends that the complaint is framed strictly and literally in accordance with the terms of the warrants; it alleges a demand and refusal of performance according to the terms of the warrants; and claims damages on the basis of the exact number of shares stated in the warrants. Hence, the complaint does not show a variance from the contract terms, but is consistent with the provisions of each warrant.

We have not in the record before us the demand and tender as actually made, in verba, but simply a statement in the complaint covering what the draftsman thereof

conceived was proper in making the demand and tender alleged. The statement may have been unnecessary, but we cannot hold that it made nugatory a valid demand and tender already made.

Though the question may not be free from doubt, we adopt the contention of appellant and hold that a demand and tender were properly alleged, and that the complaint states a cause of action.

The judgment is reversed.