## NORTH BUTTE MINING CO. v. TRIPP.

### No. 11769.

Circuit Court of Appeals, Eighth Circuit.

Feb. 4, 1941.

Francis D. Butler, of St. Paul, Minn. (Pierce Butler, Jr., J. C. Foote, and Doherty, Rumble, Butler, Sullivan & Mitchell, all of St. Paul, Minn., on the brief), for appellant.

E. J. McMillan, of Duluth, Minn. (Donald D. Harries and Gillette, Nye, Harries & Montague, all of Duluth, Minn., on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

This is a suit to recover damages for the breach of written contracts executed and delivered by defendant North Butte Mining Company to the plaintiff, Chester D. Tripp, giving the plaintiff the right and option to purchase from defendant a certain number of the shares of the treasury stock of the defendant at $3 per share at any time on or

before January 1, 1929, upon presentation and surrender of the contracts properly endorsed at the corporation's office in New York and payment in New York funds for the stock so purchased. The case was tried to the court and the plaintiff had judgment in the sum of $14,525 from which the defendant appeals.[1]

The trial court found the facts and made conclusions of law as follows:

### Findings of Fact.

I. At all times herein material, plaintiff was a resident of the City of Evanston, State of Illinois, and defendant was and now is a corporation organized and existing under the laws of the State of Minnesota. The amount involved herein exceeds the sum of $3,000, exclusive of interest and costs.

II. On January 4, 1927, for a good and sufficient consideration to defendant paid by plaintiff, defendant duly executed and delivered to plaintiff five stock purchase warrants identical in form as follows, save that one of the warrants was for 150 shares of stock rather than 1,000 shares, to-wit:

"No. X 1                    1,000 shares

"North Butte Mining Company
"120 Broadway, New York

"Special Warrant for Purchase of Stock.

"For value received, the North Butte Mining Company hereby gives and grants to Chester D. Tripp of Chicago, Illinois, the right and option to purchase One Thousand (1,000) Shares of its treasury stock at $3.00 per share, at any time on or before January 1, 1929, on presentation and surrender of this warrant, properly endorsed, at its office in · New York, and payment in New York funds for the stock so purchased.

"North Butte Mining Company,
"By F. R. Kennedy, Treasurer.
"Dated New York, N. Y. January 4, 1927."

The execution and delivery of said warrants was duly ratified by the Board of Directors of defendant corporation, and with full knowledge of the transaction defendant accepted, retained and used the consideration paid therefor and is estopped to deny the validity of said warrants, and said warrants are binding contractual obligations of the defendant corporation.

III. The transaction whereby said warrants were issued to plaintiff was made in the State of Illinois and the obligation of defendant thereunder was performable in the State of New York, and under the laws of both of said states the defense of usury is not available to a corporation. The usury laws of the State of Montana are not applicable herein.

IV. In June of 1927, defendant corporation went into voluntary receivership, and on or about June 8, 1927, John W. Neukom and Matt L. Essig were duly appointed receivers of defendant corporation by the United States District Court for the District of Minnesota, Fifth Division. On or about June 10, 1927, said John W. Neukom and Matt L. Essig were duly appointed receivers of defendant corporation by the United States District Court for the District of Montana in ancillary receivership proceedings therein pending. From June 10, 1927, to and including December 31, 1928, said John W. Neukom and Matt L. Essig were the duly appointed, qualified and acting receivers of defendant corporation. After December 31, 1928, and prior to the commencement of the present action, said receivership was duly closed and said receivers were duly discharged. At no time did plaintiff file a claim in said receivership proceedings on the obligation here in suit.

V. Prior to December 28, 1928, defendant corporation closed its office in New York and said office was closed at the time the tenders and demands hereinafter referred to were made. On December 28, 1928, plaintiff duly tendered said stock purchase warrants properly endorsed to defendant at its office in the City of Minneapolis, State of Minnesota, together with $12,450 in New York funds and demanded of defendant the stock which he was entitled to receive therefor. On December 31, 1928, plaintiff duly tendered said stock purchase warrants, properly endorsed, to defendant at its office in the City of Butte, State of Montana, together with $12,450 in New York funds, and demanded of defendant the stock which he was entitled to receive therefor. On December 31, 1928, plaintiff also duly tendered said stock purchase warrants, properly endorsed, to said John W. Neukom and Matt L. Essig at the City of Butte, and State of Montana, together with $12,450 in New York funds, and demanded of them as receivers of defendant corporation the amount of stock which he was entitled to receive therefor. All of said tenders and demands were in conformity with the terms of said

---

[1] A former appeal in the same case was considered by this court in Tripp v. North Butte Mining Company, 8 Cir., 100 F.2d 188.

stock purchase warrants, under the provisions of which plaintiff was entitled to receive 4,150 shares of treasury stock of defendant corporation. Defendant and its receivers refused to comply with said tenders and demands and refused to deliver to plaintiff the stock which he was entitled to receive or any stock whatsoever, thereby breaching its contractual obligations to plaintiff.

VI. On December 28, 1928, the market value of the stock in defendant corporation which plaintiff was entitled to receive under said stock purchase warrants was $6.25 per share, and on December 31, 1928, the market value of said stock was $6.50 per share.

### Conclusions of Law.

Plaintiff is entitled to recover damages from defendant in the amount of $14,525 with interest at the rate of 6 per cent per annum from December 31, 1928, together with his costs and disbursements herein. Let judgment be entered accordingly.

The appellant argues for reversal (1) that the contracts sued on were not authorized or ratified by the corporation, and that the corporation was not estopped to contest them; (2) that Mr. Tripp while a director of the corporation voted to apply for a receiver for the corporation and permitted his bonds to be used with others upon such application, and that such action on his part (a receiver having been appointed and being in charge at the time the options were sought to be exercised) constituted a defense; (3) that no sufficient tender required by the contracts was made; and (4) that the action was barred under the usury laws of the state of Montana.

■ (1) Mr. Tripp testified that he had negotiations in Chicago with the president of the defendant company concerning the purchase of some of its bonds and that the president proposed to him that if he would take $50,000 par of the bonds at 85, the company would supplement the bonds by stock-purchase warrants which would enable Mr. Tripp, if he desired, to purchase stock at $3 a share up to 4,150 shares during the period of two years. He said he accepted the proposition. The president was not called to testify and this testimony was not contradicted. Afterwards, in strict accordance with the agreement, the $50,000 par of the corporation's bonds, together with its option warrants duly executed by the secretary-treasurer of the corporation, were delivered to Mr. Tripp upon his payment of

the $42,500 agreed upon. Subsequently the board of directors of the corporation was advised of the transaction, Mr. Tripp's payment was retained to the use of the corporation, and no suggestion that the corporation was not obligated according to the terms of the warrants was ever made until this suit was brought. An argument is elaborated in the briefs to the point that the warrants were not in exactly the form which was intended by the president of the corporation or understood by the directors, but we think it clear that the findings of the trial court that they were duly executed and delivered for good and sufficient consideration by the corporation, and that such execution and delivery was ratified by the board of directors and the purchase price retained with full knowledge of the transaction, are fully sustained by the evidence.

■■ (2) The fact that the corporation was in equity receivership at the time the owner of the warrants sought to exercise his option to purchase the stock constituted no defense in favor of the corporation. Clark on Receivers, 2d Ed., Secs. 423, 428; Annotation, 3 A.L.R. 627, 628; Williston on Contracts, Rev.Ed., Sec. 1960, p. 5503; Lamson Co. v. Morehead, 199 N.C. 164, 154 S.E. 50; Pennsylvania Steel Co. v. New York City R. Co., 2 Cir., 198 F. 721, 743; Kaercher v. Citizens' National Bank, 8 Cir., 57 F.2d 58; Merchants' & Manufacturers' Securities Company v. Johnson, 8 Cir., 69 F.2d 940, 941, 945, cited and approved in Manufacturers' Finance Company v. McKey, 294 U.S. 442, 448, 55 S.Ct. 444, 79 L. Ed. 982. The contention is elaborated that a contrary conclusion must result because Mr. Tripp was a member of the board of directors of the corporation at the time that the board unanimously voted to put the corporation into voluntary receivership and that his bonds were included with others in the petition for such receivership, but the contention is without merit. There is no evidence of any fraud or bad faith or abuse of fiduciary relationship on Mr. Tripp's part, and it does not appear that the vote of Mr. Tripp as a director was of any controlling influence or effect. The vote of the board being unanimous, there was a majority for the course that was taken, whether his vote was counted or not. The fact that Mr. Tripp had options to buy stock in the company is not shown to be related to his vote on the question of putting the company into voluntary receivership. The receivers, as stated in the brief of appellant, "could have complied with a proper demand on proper

warrants." The obligation of the corporation on its contract with Mr. Tripp remained unaffected.

(3) Determination of the question whether Mr. Tripp made demand and tender within the provisions of his option contracts required the trial court to pass upon conflicting testimony. It was proved without contradiction that Mr. Tripp within the option period tendered the amount of money specified in the contracts in New York funds, and that he presented and offered to surrender his warrants properly endorsed and the testimony offered in his behalf was that he demanded only the shares of stock to which he was entitled. But there was some testimony for the corporation that the demand was made for more of the stock than the terms of the warrants entitled him to take. It is undisputed that the demand made upon the president of the corporation was met with positive refusal to deliver any stock; the receivers contented themselves with merely reporting the tender to the court, and it is clear that there was no offer to deliver any stock to Mr. Tripp in response to the tender of the funds and the warrants. The written opinion filed by the District Judge indicating his decision discloses meticulous care taken in considering and weighing the testimony, and the court's findings that plaintiff had duly made tenders and demands in conformity with the terms of the stock purchase warrants and that the defendant and its receivers had breached the contracts by refusing to deliver to plaintiff the stock to which he was entitled are fully sustained by the evidence.

(4) The contentions that usury laws of the state of Montana were applicable to the transactions involved, and that such laws gave rise to a defense to the plaintiff's action, have received careful consideration. We hold that the trial court's third finding correctly stated the controlling facts as shown by the evidence. The bonds bought by Mr. Tripp were payable in New York and the option contracts were also to be performed there, and the transactions were not intended or attempted to be related to the laws of Montana. The facts compelled the court's declaration that the usury laws of the state of Montana were not applicable. Beale, Conflict of Laws, Vol. 2, Sections 332.1, 332.9, 332.21, 332.34, 332.39; Merchants' & Manufacturers' Sec. Co. v. Johnson, 8 Cir., 69 F.2d 940, 941.

The judgment being without error should be, and is, affirmed.